UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-CR-158-KBJ |
| | : | |
| **KYLE FITZSIMONS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum in support of pretrial detention of the defendant, Kyle Fitzsimons, to address the Court's inquiry as to whether the government is appropriately arguing for the Defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(A) [Crime of Violence]. The government previously addressed the underlying facts of this case in the March 18, 2021 Memorandum in Support of Pretrial Detention and adopts those facts for purposes of this supplemental memorandum. This pleading clarifies the government's position that the defendant is subject to detention pursuant to 18 U.S.C. § 3142(f)(1)(A) (Crime of Violence) as a result of being indicted under 18 U.S.C. § 111(a)(1) and (b) for Assaulting, Resisting, or Impeding Certain Officers causing bodily injury.

As stated in the government's previous filing, the defendant is charged with multiple counts under 18 U.S.C. § 111(a)(1) and (b) for engaging two separate officers in hand-to-hand combat in the Lower West Terrace tunnel at the U.S. Capitol during the course of the Capitol riots. Specifically, defendant Fitzsimons grabbed Sergeant A.G.'s left shoulder and was trying to pull Sergeant A.G. into the crowd. Sergeant A. G. slipped and fell while standing on three police shields

that had been covered in pepper/mace spray. Sergeant A.G. had to strike Fitzsimons with a baton several times to get free from Fitzsimons' grip. After being struck by officers' batons, Fitzsimons got up and moved towards the middle of the archway; he lowered his shoulder and charged at the line of officers. Fitzsimons grabbed Detective P.N.'s gas mask and pulled it to the side before another individual behind Fitzsimons covered Detective P.N. in spray.

The government concedes that 18 U.S.C. § 111(a) is not a crime a violence. That is because 18 U.S.C. § 111(a) it does not require the use of violent force, that is "force capable of causing physical pain or injury." *United States v. Fernandez,* 37 F.2d 1031, 1033 (11th Cir. 1988). Decisions sustaining § 111 felony convictions confirm that fact; many involve the use of force below that threshold. *See, e.g., Id.* (chasing prosecutor down the street and bumping into him); *United States v. Sommerstedt,* 752 F.2d at 1495 (9th Cir. 1985) (walking up to prosecutor and jolting her arm and shoulder); *United States v. Hightower,* 512 F.2d 60, 61 (5th Cir.1975) (grabbing wildlife agent's jacket); *United States v. Frizzi,* 491 F.2d 1231, 1231–32 (1st Cir.1974) (spitting in mail carrier's face). As this Court noted in its Order requesting briefing, this is consistent with the position the government took in *United States v. Lopatic* (1:21-cr-00035-EGS-3).

In this case, however, the defendant is charged with two counts under 18 U.S.C. § 111(a)(1) and (b) for Assaulting, Resisting or Impeding Certain Officers causing bodily injury. The government's position is that this enhanced version of the statute where defendants are also charged under part (b), does qualify as a crime of violence. The question of whether 18 U.S.C. § 111(b), constitutes a crime of violence for purposes of § 924(c)(3), was addressed in *United States v. Taylor*, 848 F.3d 476 (1st Cir. 2017). In *Taylor,* the First Circuit Court of Appeals specifically found that § 111(b) was a "crime of violence" for purposes of § 924(c)(3), explaining that both

enhanced versions of § 111 require the element of force. To qualify as a "crime of violence," an offense must include the "use, attempted use, or threatened use" of "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

Noting that they were not writing "on a clean slate," in determining that § 111(b) is a crime of violence, the Court in *Taylor* emphasized that "every court we are aware of that has considered the issue has found that it is because the elements of the enhanced offense require the use, attempted use, or threatened use of force capable of causing pain or injury." *Taylor*, at 492-93, *citing United States v. Rafidi*, 829 F.3d 437, 445–46 (6th Cir. 2016); *United States v. Hernandez–Hernandez*, 817 F.3d 207, 215 (5th Cir. 2016) (decided under Sentencing Guidelines § 2L1.2); *United States v. Green*, 543 Fed.Appx. 266, 272 (3d Cir. 2013) (decided under Sentencing Guidelines § 4B1.1); *United States v. Juvenile Female*, 566 F.3d 943, 948 (9th Cir. 2009) (decided under 18 U.S.C. § 16).

Subsequent to the decision in *Taylor,* additional circuit courts have found that § 111(b) is a "crime of violence." *See Gray v. United States*, 980 F. 3d 264 (2nd Cir. 2020) (The question presented is whether assaulting a federal officer under 18 U.S.C. § 111(b) is categorically a "crime of violence." We join six other courts of appeals in holding that it is."); *United States v. Bullock*, 970 F.3d 210 (3d Cir. 2020) (§ 111(b) is a crime of violence under the modified categorical approach); *United States v. Bates*, 960 F.3d 1278 (11th Cir. 2020) ("§ 111(b) categorically qualifies as a crime of violence under 924(c)'s elements clause."); *United States v. Kendall*, 876 F.3d 1264 (10th Cir. 2017) (§ 111(b) constitutes a crime if violence). Specifically, the court in *Gray* held that because both acts in § 111(b) – use of a deadly or dangerous weapon and infliction of bodily injury – entail physical force as required under *Johnson* and § 924(c)(3)(A), that an offense under § 111(b) is a categorical crime of violence. *Gray v. United States*, 980 F.3d 264

(2nd. Cir. 2020). Moreover, in *Kendall* the court stated "to determine if every violation of § 111(b) is a crime of violence, then, we need only determine whether both an assault that causes bodily injury and an assault with a deadly weapon involve the use, threatened use, or attempted use of violent physical force.  They both do." *United States v. Kendall*, 876 F.3d 1264 (10th Cir. 2017)

Here, as stated above, the defendant is charged with using actual physical force on two separate officers deployed to the lower west terrace tunnel at the U.S. Capitol during the Capitol riots.  Although the threshold showing only requires the *threatened* or *attempted* use of physical force, here the defendant used *actual* physical force causing bodily injury to two separate officers.  While the D.C. Circuit has not addressed the specific question of whether § 111(b) is a "crime of violence", undersigned counsel is not aware of any court that has concluded otherwise.  As a result, the government respectfully submits that the defendant's misconduct charged pursuant to 18 U.S.C. § 111(b) is properly categorized as a crime of violence under 18 U.S.C. § 3142(f)(1)(A) and therefore supports the government's continued hold request.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

*/s/ Puja Bhatia*
PUJA BHATIA
BRANDON REGAN
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Memorandum in Support of Pretrial Detention was served on counsel of record via the Court's electronic filing service.

_/s/ Puja Bhatia_
PUJA BHATIA
Assistant United States Attorney

Date:  April 6, 2021