IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-158 |
| | : | |
| KYLE FITZSIMONS | : | |

**RESPONSE TO APPLICATION REGARDING VIDEO EXHIBIT RELEASE**

Kyle Fitzsimons, by and through his attorney, Natasha Taylor-Smith, Assistant Federal Defender, Federal Defender Office for the Eastern District of Pennsylvania, hereby responds to the Court's June 24, 2021 email communication directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in the above-captioned case. The petitioner represents 16 news organizations and proposes that this Court release video exhibits used in a pretrial detention hearing in this case, pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*, Case No. 21-mc-90. The government responded to this request on June 25, 2021 and explained that it does not oppose their disclosure. *See* Dkt. No. 31. For the reasons stated below, defendant Kyle Fitzsimons objects to the release of these video exhibits.

**I.     Governing Authority**

The Supreme Court has recognized that the public has a general right to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns*, 435 U.S. 589 (1978). Considering this general right, there is a "strong presumption in

favor of public access of judicial proceedings, including judicial records." *Id*. However, there are cases where that presumption may be outweighed by competing interests. *In Re Leopold*, 964 F.3d 1121, 1127 (D.C. Cir. 2020). With regard to judicial records that are subject to a sealing order, the D.C. Circuit Court has instructed courts to use the test set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), when deciding whether these judicial records should be made available to the public by the Court. This balancing test assesses the following factors:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

**II.     Discussion**

The events surrounding January 6, 2021 and the media coverage that has since ensued is unprecedented. The highly publicized nature of the event weighs heavily against public access because of the strong likelihood of prejudice to Mr. Fitzsimons if video clips of him are released to the public. Indeed, the likelihood of prejudice to Mr. Fitzsimons weighs more heavily against public access than any countervailing factor.

Regarding the first factor, the defense acknowledges the public's need for access to the events of January 6, 2021. However, the public need for the three videos introduced in Mr. Fitzsimons's detention hearing is less clear. In its application, the press coalition does not articulate its need for the particular videos at issue. These three videos will do little to further the

national discussion of the events of January 6, but will do great harm to public perception of Mr. Fitzsimons.

The second and third *Hubbard* factors hardly move the needle. Previous public access to the videos is limited to the detention hearing where the press coalition learned of their existence. The only exception is one of the videos that was posted, and is presumably still available, online. As to the third *Hubbard* factor, it is significant that the objecting party is the defendant. Mr. Fitzsimons objects to safeguard his Sixth Amendment right to a fair trial by an impartial jury.

The fourth *Hubbard* factor weighs in favor of non-disclosure. Public access should not be granted when disclosure would expose the defendant "to public humiliation and degradation." *In re Nat. Broad. Co., Inc.*, 653 F.2d 609, 620 (D.C. Cir. 1981). In this case, the press seeks sensational images that will in fact expose Mr. Fitzsimons to public ruin.

The fifth factor, most significant in this case, is the possibility of prejudice to Mr. Fitzsimons. Disclosure would be highly prejudicial for a variety of reasons. Disclosure would taint the jury pool and prevent Mr. Fitzsimons from receiving a fair trial by an impartial jury. Potential jurors' minds will be made up based on clips supporting a particular narrative before Mr. Fitzsimons has the opportunity to challenge that narrative.

Disclosure of the three video clips at issue would further prejudice Mr. Fitzsimons because it does not contain the whole event but rather deliberately chosen clips to support a certain argument. These clips show mere moments of Mr. Fitzsimons's actions on January 6, 2021. Yet, if disclosed to the media and public, the videos have enormous potential to poison the jury pool and prevent Mr. Fitzsimons from receiving a fair trial.

In fact, several biased and incendiary articles have already been published. *See Insurrectionist Wearing Butcher Jacket And Armed With Unstrung Bow Claims "I Was There*

*For Peace*," Daily Kos (Mar. 1, 2021), https://www.dailykos.com/stories/2021/3/1/2018769/-Insurrectionist-Wearing-Butcher-Jacket-And-Armed-With-Unstrung-Bow-Claims-I-Was-There-For-Peace (calling Mr. Fitzsimons a "racist conspiracy theorist" and encouraging readers to "listen to his bullshit."); Paul P. Murphy, *Capitol riot defendant has history of intimidating lawmakers, made racist speech at public hearing*, CNN (Feb. 7, 2021), https://edition.cnn.com/2021/02/07/us/capitol-riot-defendant-racist-public-hearing/index.html.

Armed with video clips showing brief moments of Mr. Fitzsimons's actions on January 6, the potential for prejudice is even greater. CNN created a documentary about the events of January 6 entitled "Assault on Democracy." Brian Stelter, *'Assault on Democracy' explores the roots of January 6 and why it matters today*, CNN (June 20, 2021), https://www.cnn.com/2021/06/20/media/assault-on-democracy-reliable-sources/index.html. If videos of Mr. Fitzsimons appeared in a similar format, it would be impossible for potential jurors to remain impartial. Speaking about the impact of the videos, Judge Paul Friedman remarked that he wished "that every member of Congress would be required to view them, because they're chilling." Katelyn Polantz, *How CNN obtained the dramatic videos of the US Capitol riot*, CNN (June 20, 2021), https://www.cnn.com/2021/06/20/politics/cnn-capitol-riot-videos/index.html. Judge Emmett Sullivan told CNN, "every time I look at these videos, it just chokes me up." *Id*. If judges, trained to be neutral arbitrators, have a strong emotional reaction to the videos, potential jurors will undoubtedly be prejudiced against Mr. Fitzsimons.

Finally, regarding the final *Hubbard* factor, the fact that this case is in the early stage is important. This case is not in the actual trial phase, and the videos which petitioner requests have been introduced with respect to detention decisions. Granting public access to these videos prior

to trial poses a substantial risk that the jury pool will be tainted, and Mr. Fitzsimons will be deprived of his Sixth Amendment right to a fair trial by an impartial jury.

### III.     Conclusion

If the videos requested by the petitioners are released to the public there is a great risk of prejudice to Mr. Fitzsimons. The risk that sensational media coverage will taint the jury pool and deprive Mr. Fitzsimons of his Sixth Amendment right to a trial by an impartial jury greatly outweighs any countervailing factors. Therefore, the petitioners request must be denied.

Respectfully submitted,

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

## CERTIFICATE OF SERVICE

I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the foregoing Defendant's Response to Application Regarding Video Exhibit Release to be served by Electronic Case Filing ("ECF") upon Brandon Regan and Puja Bhatia, Assistant United States Attorneys, United States Attorney's Office, 555 4th St., NW, Washington, DC 20530; and Charles D. Tobin, Esq., Maxwell S. Mishkin, Esq., and Lauren Russell, Esq., Ballard Spahr, 1909 K Street, NW, 12th Floor, Washington, DC  20006.

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

DATE:    June 29, 2020