AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Kyle Fitzsimons ) | Case No.   1:21-cr-158 |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
❒ Subject to lengthy period of incarceration if convicted
❒ Prior criminal history
❒ Participation in criminal activity while on probation, parole, or supervision

- ❒ History of violence or use of weapons
- ❒ History of alcohol or substance abuse
- ❒ Lack of stable employment
- ❒ Lack of stable residence
- ❒ Lack of financially responsible sureties
- ❒ Lack of significant community or family ties to this district
- ❒ Significant family or other ties outside the United States
- ❒ Lack of legal status in the United States
- ❒ Subject to removal or deportation after serving any period of incarceration
- ❒ Prior failure to appear in court as ordered
- ❒ Prior attempt(s) to evade law enforcement
- ❒ Use of alias(es) or false documents
- ❒ Background information unknown or unverified
- ❒ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Defendant is charged with multiple offenses, including inflicting bodily injury on officers of the United States, in connection with breach of the Capitol building on January 6, 2021. He requested that he be released pending trial. Defendant proffered that the Court should consider his alleged conduct in the context of his First Amendment rights to protest; and argues that he was merely expressing a political opinion regarding the recent presidential election. He disputes the Government's legal theory, emphasizing that the evidence fails to demonstrate that he proximately caused the bodily injuries for which he was charged. As for his criminal record, Defendant emphasized that he has no prior firearms convictions, nor has he ever been alleged to have committed a crime of violence. With respect to his dangerousness, Defendant notes that he did not hold or use any weapons; had no leadership position in the Capitol riot events; is not a member of any anti-establishment organizations; and did not communicate with others or plan any dangerous activities before or during the riots. Lastly, Defendant proffered evidence of employment opportunities as a butcher or caretaker for his grandmother; and emphasized that he has family who are willing to serve as his third-party custodian upon release pending trial.

Nature and circumstances of offense(s):

This factor weighs strongly in favor of detention. The Government provided video evidence of Defendant making multiple, violent physical advances towards law enforcement during the Capitol riot, causing two officers to suffer bodily injury. According to the Government's proffered evidence, around 3:45 pm, Defendant pushed and grabbed law enforcement holding a police line, causing an officer to injure his shoulder as he slipped and fell onto three police shields covered in pepper/mace spray. After he was repeatedly struck by batons, Defendant charged again at the line of officers. Around this time, he also grabbed an officer's gas mask, pulling it to the side, and allowing an individual behind him to cover the officer in pepper/mace spray. This conduct is gravely troubling and fits into the category of cases involving individuals who engaged in violent actions during the January 6th events.

The strength of the government's evidence:

The evidence against Defendant is strong, thus this factor favors detention. According to the Government's proffer and video footage presented to the Court during the detention hearing, Defendant is captured in multiple videos as he aggressively and violently assaults the line of police officers seeking to protect the lower West Terrance entranceway of the Capitol. Defendant is observed moving to the front of the group of rioters, reaching out and grabbing at officers as he enters the archway. After trying to pull an officer into the crowd by grabbing the officer's left shoulder, the government proffers that the officer slipped on police shields covered in pepper/mace spray, and hurt his shoulder. Despite an officer's attempt to subdue the Defendant by striking him with a baton several times, the video footage provided by the government shows Defendant again aggressively charging the police line.

The defendant's history and characteristics, including criminal history:

Defendant's history and characteristics also weigh against release, if only slightly. The Court acknowledges Defendant has no criminal record that impacts the Court's decision today; and has no history of violating any Court-imposed conditions of release. Defendant also stated that he will have several available employment options if released, including as a butcher or as a caretaker for his elderly grandmother. Nevertheless, Defendant's past intimidating contacts with elected officials, proffered by the government during the detention hearing, weigh against his release; specifically, his menacing interaction with a Maine legislator in 2017 and his aggressive calls to several Congressmen in March and December 2020.  Further, there is no indication that the defendant has abandoned any of his views or beliefs that motivated those actions or his participation in the Capitol riot.  Thus, viewing the record as a whole, the undersigned has no confidence that the defendant will be amenable to community supervision.

The defendant's dangerousness/risk of flight:

Defendant represents an identifiable, prospective threat to the safety of the community as video footage shows him assaulting police officers during the Capitol riot, and there is no indication in the record that he would not continue to use force and violence to promote his views in the future. In support of his political beliefs regarding the legitimacy of the presidential election, Defendant became increasingly violent on January 6, 2021, repeatedly charging through a police line. He was undeterred from reengaging in violence even after being beaten by a baton. Defendant's conduct shows that his political beliefs—beliefs that have not changed—can get the best of him, and can cause him to lose control and act violently. The D.C. Circuit has noted that violent assailants, such as Defendant, are in a unique category warranting detention. *See United States v. Munchel*. Viewing this conduct and past incidents involving Defendant through the lens of his actions on January 6, 2021, the Court has no confidence that there are any conditions of release or a combination of such conditions that could reasonably assure the safety of the community or law enforcement if Defendant were released.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:    April 7, 2021  *nunc pro tunc*  _____
                                                      United States Magistrate Judge