IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-158; 21-mc-90 |
| | : | |
| KYLE FITZSIMONS | : | |

**RESPONSE TO SUPPLEMENTAL APPLICATION FOR
ACCESS TO VIDEO AND AUDIO EXHIBITS**

Kyle Fitzsimons, by and through his attorney, Natasha Taylor-Smith, Assistant Federal Defender, Federal Defender Office for the Eastern District of Pennsylvania, hereby responds to the petitioner's supplemental application for access to video and audio exhibits that have been submitted to the court in this matter.  In response to this application, Mr. Fitzsimons states as follows:

1.	On June 2, 2021, the Press Coalition filed an application for videos submitted to this Court in United States v. Fitzsimons, 21-cr-158-RC. *See* Application for Access to Video Exhibits, Dkt. 1.

2.	On June 25, 2021, the Government responded that (1) it had submitted three video exhibits at Defendant's detention hearing; (2) no parties requested the video exhibits be sealed; and (3) it "agree[s] that the videos submitted to this Court can be released."  See Resp. to Application Regarding Video Exhibit Release at 1-2, Dkt. 31.  On June 29, 2021, Mr. Fitzsimons objected to the Application on grounds that Mr. Fitzsimons would face a strong possibility of prejudice if the videos were released.  Resp. to Application Regarding Video Exhibit Release ("Resp.") at 3-5, Dkt. 32.

3. Since the Coalition submitted its initial Application, the parties have submitted additional video and audio exhibits in connection with Defendant's request that the Court revoke a standing detention order and release him from custody pending trial. In addition to the video exhibits requested in its initial Application, the Coalition now seeks these recently submitted video and audio exhibits (the "Video and Audio Exhibits").

4. In support of its supplemental application the Coalition asserts that "[n]either the Government nor the Defendant could possibly rebut the presumption of access under the applicable test set out in *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980)." The Coalition's conclusory statement ignores the very real possibility of prejudice to Mr. Fitzsimons in this case. *See* Resp. to Application Regarding Video Exhibit Release ("Resp.") at 4-5, Dkt. 32.

5. For the same reasons articulated in the June 29, 2021 Response to the Application Regarding Video Exhibit Release, Mr. Fitzsimons can rebut the presumption of access to the video exhibits at issue here.

6. With regard to judicial records that are subject to a sealing order, the D.C. Circuit Court has instructed courts to use the test set forth in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), when deciding whether these judicial records should be made available to the public by the Court. This balancing test assesses the following factors:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Leopold v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

7. Regarding the first factor, the defense acknowledges the public's need for access to the events of January 6, 2021. However, in its application, the Press Coalition does not articulate its need for the particular videos at issue. These three videos will do little to further the national discussion of the events of January 6, but will do great harm to public perception of Mr. Fitzsimons.

8. The second and third Hubbard factors favor non-disclosure. Previous public access to the videos is limited to the recent bail hearing and are not otherwise public. As to the third Hubbard factor, it is significant that the objecting party is the defendant. Mr. Fitzsimons objects to safeguard his Sixth Amendment right to a fair trial by an impartial jury.

9. The fourth Hubbard factor weighs in favor of non-disclosure. Public access should not be granted when disclosure would expose the defendant "to public humiliation and degradation." *In re Nat. Broad. Co., Inc.*, 653 F.2d 609, 620 (D.C. Cir. 1981). In this case, the press seeks sensational images that will in fact expose Mr. Fitzsimons to public ruin.

10. Most significantly, the possibility of prejudice to Mr. Fitzsimons is strong. In addition to the incendiary articles and documentaries cited in Mr. Fitzsimons' June 29, 2021 response, many mainstream documentaries have been produced since that time that further highlight how difficult it is for Mr. Fitzsimons to receive a fair trial by an impartial jury.

    a. The New York Times released a documentary titled, "Day of Rage: How Trump Supporters Took the U.S. Capitol."

    b. Hulu released a documentary titled, "24 Hours: Assault on the Capitol."

    c. HBO is set to release a documentary on October 20, 2021 titled, "Four Hours at the Capitol." A screenshot from the trailer, attached as Exhibit A, shows Mr. Fitzsimons in the middle of a large group with his face covered in blood.

11.     Mr. Fitzsimons' face is already appearing in mainstream articles and documentaries. The titles of these documentaries alone, "Day of Rage" and "Assault on the Capitol," portray the people involved as guilty of assault. It will be impossible for Mr. Fitzsimons to receive a fair trial for assault charges, among others, when he has already been found guilty in the court of public opinion.

12.     Documentaries and articles on January 6 will continue to be released. With every new documentary comes additional prejudice to Mr. Fitzsimons. If the video clips in this case are released, the risk of prejudice will be too great, and it will be impossible to assure Mr. Fitzsimons a fair trial by an impartial jury.

13.     Finally, regarding the final Hubbard factor, the fact that this case is in the early stage is important. This case is not in the actual trial phase, and the videos which petitioner requests have been introduced with respect to detention decisions. Granting public access to these videos prior to trial poses a substantial risk that the jury pool will be tainted, and Mr. Fitzsimons will be deprived of his Sixth Amendment right to a fair trial by an impartial jury.

14.     Because Mr. Fitzsimons can rebut the presumption of public access, the Court must deny the Press Coalition's Application and the government may not release the video exhibits.

Respectfully submitted,

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

## CERTIFICATE OF SERVICE

    I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the foregoing Defendant's Response to Application Regarding Video Exhibit Release to be served by Electronic Case Filing ("ECF") upon Brandon Regan and Puja Bhatia, Assistant United States Attorneys, United States Attorney's Office, 555 4th St., NW, Washington, DC 20530; and Charles D. Tobin, Esq., Maxwell S. Mishkin, Esq., and Lauren Russell, Esq., Ballard Spahr, 1909 K Street, NW, 12th Floor, Washington, DC 20006.

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

DATE:     October 11, 2021