APPEAL,CAP,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−cr−00158−RC</u>−1

Case title: USA v. FITZSIMONS

Magistrate judge case number:  1:21−mj−00190−ZMF *SEALED*

Date Filed: 02/26/2021

Assigned to: Judge Rudolph Contreras

**<u>Defendant (1)</u>**

**KYLE FITZSIMONS**

represented by **Greg Hunter**
GREGORY T. HUNTER, ESQUIRE
2007 North 15th Street
Suite 201
Arlington, VA 22201
703−966−7226
Fax: 703−527−0810
Email: <u>greghunter@mail.com</u>
*TERMINATED: 05/10/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Joel William Anders**
1750 K St NW
Suite 700
Washington DC, DC 20006
202−466−4334
Email: <u>joelwanders@msn.com</u>
*TERMINATED: 05/10/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Natasha Taylor−Smith**
FEDERAL COMMUNITY DEFENDER
OFFICE
Trial Unit
601 Walnut Street
Suite 545 West
Philadelphia, PA 19106
215−928−1100
Email: <u>natasha_taylor−smith@fd.org</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

*Designation: Public Defender or Community*
*Defender Appointment*

**Pending Counts**                                                        **Disposition**

18:231(a)(3); CIVIL DISORDER; Civil
Disorder
(1–2)

18:1512(c)(2) and 2; TAMPERING WITH
A WITNESS, VICTIM OR
INFORMANT; Obstruction of an Official
Proceeding and Aiding and Abetting
(3)

18:111(a)(1) and (b);
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Inflicting
Bodily Injury on Certain Officers
(4–5)

18:1752(a)(1); TEMPORARY
RESIDENCE OF THE PRESIDENT;
Entering and Remaining in a Restricted
Building or Grounds
(6)

18:1752(a)(2); TEMPORARY
RESIDENCE OF THE PRESIDENT;
Disorderly and Disruptive Conduct in a
Restricted Building or Grounds
(7)

18:1752(a)(4); TEMPORARY
RESIDENCE OF THE PRESIDENT;
Engaging in Physical Violence in a
Restricted Building or Grounds
(8)

40:5104(e)(2)(D); FEDERAL
STATUTES, OTHER; Disorderly Conduct
in a Capitol Building
(9)

40:5104(e)(2)(F); FEDERAL STATUTES,
OTHER; Act of Physical Violence in the
Capitol Grounds or Buildings
(10)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                                      **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                    **Disposition**

COMPLAINT in Violation of
18:1752(a)(4), 40:5104(e)(2)(F),
18:111(a)(1) and 18:231(a)(3)

---

**Plaintiff**

**USA**                                    represented by   **Brandon K. Regan**
                                                            DOJ−USAO
                                                            Federal Major Crimes
                                                            555 4th St NW
                                                            Washington, DC 20530
                                                            202−252−7759
                                                            Email: brandon.regan@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Assistant U.S. Attorney*

                                                            **Puja Bhatia**
                                                            DOJ−USAO
                                                            555 4th Street NW
                                                            Ste Office 9439
                                                            Washington, DC 20530
                                                            202−809−3575
                                                            Email: puja.bhatia@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/01/2021 | 1 | | SEALED COMPLAINT as to KYLE FITZSIMONS (1). (Attachments: # 1 Statement of Facts) (zstd) [1:21−mj−00190−ZMF *SEALED*] (Entered: 02/02/2021) |
| 02/01/2021 | 3 | | MOTION to Seal Case by USA as to KYLE FITZSIMONS. (Attachments: # 1 Text of Proposed Order)(zstd) [1:21−mj−00190−ZMF *SEALED*] (Entered: 02/02/2021) |
| 02/01/2021 | 4 | | ORDER granting 3 Motion to Seal Case as to KYLE FITZSIMONS (1). Signed by Magistrate Judge Zia M. Faruqui on 2/1/2021. (zstd) [1:21−mj−00190−ZMF *SEALED*] (Entered: 02/02/2021) |
| 02/04/2021 | | | Arrest of KYLE FITZSIMONS in the District of Maine. (ztl) (Entered: 03/29/2021) |
| 02/04/2021 | 8 | | |

| | | | |
|---|---|---|---|
| | | | Arrest Warrant Returned Executed on 2/4/2021 in Lebanon, Maine as to KYLE FITZSIMONS. (bb) (Entered: 03/29/2021) |
| 02/26/2021 | 5 | | INDICTMENT as to KYLE FITZSIMONS (1) count(s) 1–2, 3, 4–5, 6, 7, 8, 9, 10. (zstd) (Entered: 03/01/2021) |
| 03/18/2021 | 7 | | MEMORANDUM in Support of Pretrial Detention by USA as to KYLE FITZSIMONS (bb) (Entered: 03/18/2021) |
| 03/29/2021 | | | Case unsealed as to KYLE FITZSIMONS. (ztl) (Entered: 03/29/2021) |
| 03/29/2021 | | | Case unsealed as to KYLE FITZSIMONS (bb) (Entered: 03/29/2021) |
| 03/29/2021 | | | ORAL MOTION for Speedy Trial by USA as to KYLE FITZSIMONS. (ztl) (Entered: 04/05/2021) |
| 03/29/2021 | | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance as to KYLE FITZSIMONS held on 3/29/2021. Defendant present by video. Defendant retained counsel. Oral Motion by the Government for Speedy Trial as to KYLE FITZSIMONS (1); heard and granted. Detention Hearing set for 4/6/2021 at 2:00 PM by Telephonic/VTC before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Remain Held Without Bond; Court Reporter: Nancy Meyer; Defense Attorney: Eugene Ohm for Gregory Hunter; US Attorney: Jacob Steiner for Brandon Regan; Pretrial Officer: Andre Sidbury. (ztl) (Entered: 04/05/2021) |
| 03/30/2021 | 9 | | NOTICE OF ATTORNEY APPEARANCE Puja Bhatia appearing for USA. (Bhatia, Puja) (Entered: 03/30/2021) |
| 04/02/2021 | 10 | | NOTICE OF ATTORNEY APPEARANCE: Greg Hunter appearing for KYLE FITZSIMONS (Hunter, Greg) (Entered: 04/02/2021) |
| 04/05/2021 | 11 | | Unopposed MOTION for Protective Order by USA as to KYLE FITZSIMONS. (Bhatia, Puja) (Entered: 04/05/2021) |
| 04/05/2021 | 12 | | MOTION to Continue *and Exclude Time Under the Speedy Trial Act* by USA as to KYLE FITZSIMONS. (Bhatia, Puja) (Entered: 04/05/2021) |
| 04/05/2021 | 13 | | Memorandum in Opposition by KYLE FITZSIMONS re 12 MOTION for Speedy Trial *and Detention Pending Trial* (Hunter, Greg) Modified on 4/21/2021 (bb). (Entered: 04/05/2021) |
| 04/05/2021 | 21 | | MOTION to Exclude Time Under the Speedy Trial Act by USA as to KYLE FITZSIMONS. (See DE 12 to view document). (bb) (Entered: 04/21/2021) |
| 04/06/2021 | | | MINUTE ORDER as to KYLE FITZSIMONS (1). On April 2, 2021, the government filed a motion in U.S. v. Lopatic (1:21–cr–00035–EGS–3) that Defendant be detained pending trial, "because there are no conditions or combination of conditions which will reasonably... ensure the safety of any other person and the community." However, during Defendant's detention hearing in Lopatic, begun on April 5, 2021 and continued until today at 3:30 p.m., government counsel asserted that the government was not contending that an assault in violation of 18 U.S.C. § 111(a)(1) constituted a crime of violence under the Bail Reform Act, 18 U.S.C. § 3156(a)(4), nor was it requesting that Defendant be held based on his potential dangerousness. Instead, counsel for the government noted that the government sought Defendant's detention only on |

| | | |
|---|---|---|
| | | the grounds that there is a "serious risk" that Defendant "will flee" or "attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." See 18 U.S.C. § 3142(f)(2)(A), (B). Further, at a March 2, 2021 detention hearing before Chief Judge Howell in U.S. v. Clayton Ray Mullins (1:21–mj–233), counsel for the government suggested that the Department of Justice may not be taking the position that a violation of 18 U.S.C. § 111(a)(1) constituted a crime of violence under section 3156(a)(4) of the Bail Reform Act. As this position appears contrary to the position taken by the government in its detention memorandum filed in a different, substantially similar matter scheduled for a detention hearing before this Court today at 2:00 p.m., see U.S. v. Fitzsimons (1:21–cr–00158–KBJ, ECF No. 7), it is hereby ORDERED that the government file a written supplement to its detention motion in both cases by 1:00 p.m. today, April 6, 2021, addressing this apparent discrepancy and clarifying the legal basis under the Bail Reform Act on which the government relies for its detention request in both matters. To the extent the government is asserting that a violation of 18 U.S.C. § 111(a)(1) does constitute a crime of violence in these matters under section 3156(a)(4) of the Bail Reform Act, the government should provide legal authority for that proposition and address the Supreme Courts decisions in United States v. Davis, __ U.S. __, 139 S. Ct. 2319 (2019), Mathis v. United States, __ U.S. __, 136 S. Ct. 2243 (2016), Sessions v. Dimaya, __ U.S. __, 138 S. Ct. 1204 (2018), and Beckles v. United States, __ U.S. __, 137 S. Ct. 886 (2017). Signed by Magistrate Judge G. Michael Harvey on 4/6/2021. (zpt) (Entered: 04/06/2021) |
| 04/06/2021 | 14 | SUPPLEMENT by USA as to KYLE FITZSIMONS 7 GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION (Bhatia, Puja) Modified on 4/21/2021 (bb). (Entered: 04/06/2021) |
| 04/06/2021 | 15 | ORDER granting 11 Motion for Protective Order as to KYLE FITZSIMONS (1). The parties' attention is directed to the edits that the Court has made to paragraph 4(d) of the Proposed Order. Signed by Judge Ketanji Brown Jackson on 4/6/2021. (jag) (Entered: 04/06/2021) |
| 04/06/2021 | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to KYLE FITZSIMONS. (zpt) (Entered: 04/06/2021) |
| 04/06/2021 | | ORAL MOTION for Release from Custody by KYLE FITZSIMONS. (zpt) (Entered: 04/06/2021) |
| 04/06/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: VTC Detention Hearing as to KYLE FITZSIMONS (1) held on 4/6/2021. Detention Hearing was held but did not conclude. Continued Detention Hearing set for 4/7/2021 at 02:30 PM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Remains Committed; Court Reporter: FTR–Gold; FTR Time Frame: CTRM 6 [2:18:41–3:26:54]; Defense Attorney: Greg Hunter and Joel Anders; US Attorney: Brandon Regan and Puja Bhatia; Pretrial Officer: Dashanta ValentineLewis; (zpt) (Entered: 04/06/2021) |
| 04/07/2021 | 16 | NOTICE OF ATTORNEY APPEARANCE: Joel William Anders appearing for KYLE FITZSIMONS Joel W. Anders (Anders, Joel) (Entered: 04/07/2021) |

| 04/07/2021 | | | ORAL MOTION for Speedy Trial Waiver by USA as to KYLE FITZSIMONS (1). (zpt) (Entered: 04/07/2021) |
|---|---|---|---|
| 04/07/2021 | | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: VTC Continued Detention Hearing as to KYLE FITZSIMONS (1) held on 4/7/2021. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to KYLE FITZSIMONS (1) Heard and Granted. Oral Motion for Release from Custody by KYLE FITZSIMONS (1) Heard and Denied. Oral Motion by the Government for Speedy Trial Waiver Nunc Pro Tunc as to KYLE FITZSIMONS (1) Heard and Granted. Defense objects to Speedy Trial Waiver. Time between 3/31/2021 and 4/22/2021 (23 Days) shall be excluded from calculation under the Speedy Trial Act in the interest of justice X–T. Status Hearing set for 4/22/2021 at 11:00 AM in Telephonic/VTC before Judge Ketanji Brown Jackson. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: FTR–Gold FTR Time Frame: CTRM 6 [3:25:57–4:15:55]; Defense Attorney: Greg Hunter and Joel Ayers; US Attorney: Brandon Regan and Puja Phatia; Pretrial Officer: John Copes; (zpt) (Entered: 04/07/2021) |
| 04/12/2021 | | | MINUTE ORDER as to KYLE FITZSIMONS. It is hereby ORDERED that this case shall be handled by Judge Reggie B. Walton under further Order. Signed by Judge Ketanji Brown Jackson on 4/12/2021. (jag) (Entered: 04/12/2021) |
| 04/17/2021 | 17 | | NOTICE *OF DISCOVERY* by USA as to KYLE FITZSIMONS (Bhatia, Puja) (Entered: 04/17/2021) |
| 04/19/2021 | 18 | | MOTION for Disclosure *OF GRAND JURY MATERIALS* by USA as to KYLE FITZSIMONS. (Bhatia, Puja) (Entered: 04/19/2021) |
| 04/20/2021 | 19 | | TRANSCRIPT OF PROCEEDINGS in case as to KYLE FITZSIMONS before Magistrate Judge G. Michael Harvey held on 04/06/2021. Page Numbers: 1–43. Date of Issuance: 04/16/2021. Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/11/2021. Redacted Transcript Deadline set for 5/21/2021. Release of Transcript Restriction set for 7/19/2021.(Meyer, Nancy) (Entered: 04/20/2021) |
| 04/20/2021 | 20 | | TRANSCRIPT OF PROCEEDINGS in case as to KYLE FITZSIMONS before Magistrate Judge G. Michael Harvey held on 04/07/2021. Page Numbers: 1–34. |

| | | |
|---|---|---|
| | | Date of Issuance: 04/16/2021. Court Reporter: Nancy J. Meyer. Telephone Number: 202–354–3118. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have 21 days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/11/2021. Redacted Transcript Deadline set for 5/21/2021. Release of Transcript Restriction set for 7/19/2021.(Meyer, Nancy) (Entered: 04/20/2021) |
| 04/22/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton for Judge Ketanji Brown Jackson. Arraignment as to KYLE FITZSIMONS (1) held on 4/22/2021. A Not Guilty Plea is entered as to Counts 1–10 of the Indictment. Speedy Trial Time Excluded 4/22/2021 – 5/7/2021(XT). Status Conference continued for 5/7/2021 at 03:00 PM by Telephonic/VTC before Judge Reggie B. Walton for Judge Ketanji Brown Jackson. Bond Status of Defendant: Committed/Defendant present via video; Court Reporter: Cathryn Jones; Defense Attorney: Greg Hunter/Joel Anders; US Attorney: Puja Bhatia; (hs) (Entered: 04/22/2021) |
| 04/23/2021 | <u>22</u> | ORDER, granting <u>18</u> Motion for Disclosure and denying <u>12</u> Motion to Continue as to KYLE FITZSIMONS (1). Signed by Judge Reggie B. Walton on 4/22/2021. (hs) (Entered: 04/23/2021) |
| 04/25/2021 | <u>36</u> | ORDER OF DETENTION PENDING TRIAL – Defendant Held Without Bond as to KYLE FITZSIMONS (1). Signed by Magistrate Judge G. Michael Harvey on 4/25/2021. (zpt) (zpt). Modified Document Number on 9/14/2021 (zpt). (Entered: 04/27/2021) |
| 05/03/2021 | <u>23</u> | MOTION to Withdraw as Attorney by Gregory T. Hunter and Joel Anders., MOTION to Appoint Counsel by KYLE FITZSIMONS. (Attachments: # <u>1</u> Proposed Order)(Hunter, Greg) (Entered: 05/03/2021) |
| 05/06/2021 | <u>24</u> | NOTICE *of Discovery* by USA as to KYLE FITZSIMONS (Regan, Brandon) (Entered: 05/06/2021) |
| 05/07/2021 | | Minute Entry for proceedings held before Judge Reggie B. Walton for Judge Ketanji Brown Jackson: Status Conference as to KYLE FITZSIMONS held on 5/7/2021. Defendant's <u>23</u> MOTION to Withdraw as Attorney by Gregory T. Hunter and Joel Anders: heard and granted. Speedy Trial Time Excluded 5/7/2021–5/21/2021(XT). Status Conference continued for 5/21/2021 at 10:00 AM by Telephonic/VTC before Judge Reggie B. Walton for Judge Ketanji Brown Jackson Bond Status of Defendant: Committed/Defendant present via |

| | | | |
|---|---|---|---|
| | | | telephone; Court Reporter: Nancy Meyer; Defense Attorney: Greg Hunter/Joel Anders; US Attorney: Puja Bhatia;Brandon Regan (Entered: 05/07/2021) |
| 05/10/2021 | 25 | | ORDER as to KYLE FITZSIMONS. Signed by Judge Reggie B. Walton on 5/10/2021. (hs) (Entered: 05/10/2021) |
| 05/12/2021 | 26 | | NOTICE OF ATTORNEY APPEARANCE: Natasha Taylor–Smith appearing for KYLE FITZSIMONS (Taylor–Smith, Natasha) (Entered: 05/12/2021) |
| 05/21/2021 | | | Minute Entry for proceedings held before Judge Reggie B. Walton for Judge Ketanji Brown Jackson: Status Conference as to KYLE FITZSIMONS held on 5/21/2021. Defendant's oral motion for a continuance; heard and granted. Speedy Trial Time Excluded 5/21/2021 – 6/8/2021(XT). Status Conference set for 6/8/2021 at 09:30 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Committed/Defendant present by phone; Court Reporter: Cathryn Jones; Defense Attorney: Natasha Taylor–Smith; US Attorney: Brandon Regan; (hs) (Entered: 05/21/2021) |
| 05/24/2021 | 27 | | ORDER as to KYLE FITZSIMONS. Signed by Judge Reggie B. Walton on 5/24/2021. (hs) (Entered: 05/24/2021) |
| 06/08/2021 | | | Minute Entry for proceedings held before Judge Reggie B. Walton: Status Conference as to KYLE FITZSIMONS held on 6/8/2021. Case continued to determine if the defendant will agree to the toll speedy trial time. Status Conference set for 6/15/2021 at 10:00 AM by Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Committed/Defendant present by telephone; Court Reporter: Cathryn Jones; Defense Attorney: Natasha Taylor–Smith; US Attorney: Brandon Regan; (hs) (Entered: 06/08/2021) |
| 06/15/2021 | | | Minute Entry for telephone proceedings held before Judge Reggie B. Walton:Status Conference as to KYLE FITZSIMONS held on 6/15/2021. Speedy Trial Excludable (XT) started 6/15/21 until 7/19/21, in the interest of justice. Status Conference set for 7/19/2021 at 10:30 AM in Telephonic/VTC before Judge Reggie B. Walton. Bond Status of Defendant: Remains Incarcerated/Presented via telephone; Court Reporter: Cathryn Jones; Defense Attorney: Natasha Taylor–Smith; US Attorney: Brandon Regan. (zgdf) (Entered: 06/15/2021) |
| 06/15/2021 | | | Case as to KYLE FITZSIMONS randomly reassigned to Judge Rudolph Contreras. Judge Ketanji Brown Jackson has been elevated to the USCA and is no longer assigned to the case. (ztnr) (Entered: 06/15/2021) |
| 06/22/2021 | 28 | | TRANSCRIPT OF PROCEEDINGS in case as to KYLE FITZSIMONS before Judge Reggie B. Walton held on May 21, 2021; Page Numbers: 1 – 5. Court Reporter/Transcriber Cathryn Jones, Telephone number 202 354–3246, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to |

| | | |
|---|---|---|
| | | redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/13/2021. Redacted Transcript Deadline set for 7/23/2021. Release of Transcript Restriction set for 9/20/2021.(Jones, Cathryn) (Entered: 06/22/2021) |
| 06/22/2021 | 29 | TRANSCRIPT OF PROCEEDINGS in case as to KYLE FITZSIMONS before Judge Reggie B. Walton held on June 8, 2021; Page Numbers: 1 − 7. Court Reporter/Transcriber Cathryn Jones, Telephone number 202 354−3246, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br><span style="color:red">**NOTICE RE REDACTION OF TRANSCRIPTS:**</span> The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/13/2021. Redacted Transcript Deadline set for 7/23/2021. Release of Transcript Restriction set for 9/20/2021.(Jones, Cathryn) (Entered: 06/22/2021) |
| 06/22/2021 | 30 | TRANSCRIPT OF PROCEEDINGS in case as to KYLE FITZSIMONS before Judge Reggie B. Walton held on June 15, 2021; Page Numbers: 1 − 5. Court Reporter/Transcriber Cathryn Jones, Telephone number 202 354−3246, Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br><span style="color:red">**NOTICE RE REDACTION OF TRANSCRIPTS:**</span> The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 7/13/2021. Redacted Transcript Deadline set for 7/23/2021. Release of Transcript Restriction set for 9/20/2021.(Jones, Cathryn) (Entered: 06/22/2021) |

| 06/25/2021 | 31 | | Response to Application for Access to Video Exhibits by USA as to KYLE FITZSIMONS. (Regan, Brandon) Modified Text on 6/26/2021 (zhsj). (Entered: 06/25/2021) |
|---|---|---|---|
| 06/29/2021 | 32 | | Response to Application Regarding Video Exhibit Release by KYLE FITZSIMONS. (Taylor–Smith, Natasha) Modified Text on 7/1/2021 (zhsj). (Entered: 06/29/2021) |
| 07/12/2021 | 33 | | Memorandum Regarding Status of Discovery by USA as to KYLE FITZSIMONS. (Regan, Brandon) Modified Text on 7/12/2021 (zhsj). (Entered: 07/12/2021) |
| 07/16/2021 | | | NOTICE OF HEARING as to KYLE FITZSIMONS: Status Conference currently set for 7/19/2021 at 10:30 AM will now be held before Judge Rudolph Contreras via Zoom Video. (tj) (Entered: 07/16/2021) |
| 07/19/2021 | | | Minute Entry for proceedings held Via VTC before Judge Rudolph Contreras:Status Conference as to KYLE FITZSIMONS held on 7/19/2021. Parties Discussed On The Record Posture Of The Case. Defendant Will File A Bond Motion. Parties Request Continuance Of Thirty (30) Days.Status Conference set for 8/19/2021 at 10:30 AM in Telephonic/VTC before Judge Rudolph Contreras. With No Objections From The Parties, Speedy Trial Is Tolled 7/19/21 – 8/19/21 In The Interest Of Justice (XT).Bond Status of Defendant: APPEARED VIA VTC; REMAINS COMMITTED; Court Reporter: LISA EDWARDS; Defense Attorney: NATASHA TAYLOR–SMITH; US Attorney: BRANDON REGAN; (mac) (Entered: 07/19/2021) |
| 08/19/2021 | | | Minute Entry for proceedings held before Judge Rudolph Contreras:Status Conference as to KYLE FITZSIMONS held on 8/19/2021. Parties inform the court of the status of this action. Defendant's motion for bond review shall be filed by 8/27/2021, and the government's response shall be filed by 9/9/2021. Speedy trial is excluded (XT) from 8/19/2021 to 9/16/2021 in the interest of justice. Motion Hearing is set for 9/16/2021 at 11:00 AM before Judge Rudolph Contreras. Bond Status of Defendant: Committed/with consent to appear by video; Court Reporter: Nancy Meyer; Defense Attorney: Natasha Taylor–Smith; US Attorney: Brandon K. Regan; (tj) (Entered: 08/19/2021) |
| 08/27/2021 | 34 | | MOTION to Revoke *Detention Order*, MOTION for Release from Custody , *Pretrial* by KYLE FITZSIMONS. (Taylor–Smith, Natasha) (Entered: 08/27/2021) |
| 09/09/2021 | 35 | | Memorandum in Opposition by USA as to KYLE FITZSIMONS re 34 MOTION to Revoke *Detention Order* MOTION for Release from Custody , *Pretrial* (Regan, Brandon) (Entered: 09/09/2021) |
| 09/15/2021 | | | NOTICE OF COURTROOM CHANGE in case as to KYLE FITZSIMONS: Status conference currently scheduled for 9/16/2021 @ 11:00am will be held in Courtroom 14 – 4th Floor (Prettyman Building) before Judge Rudolph Contreras. (tj) (Entered: 09/15/2021) |
| 09/16/2021 | | | Minute Entry for proceedings held before Judge Rudolph Contreras: Motion Hearing as to KYLE FITZSIMONS held (In Person) on 9/16/2021 re 34 MOTION to Revoke *Detention Order* MOTION for Release from Custody , *Pretrial* filed by KYLE FITZSIMONS. Oral argument heard, and motion taken |

| | | | |
|---|---|---|---|
| | | | under advisement. Next Status Conference set for 10/20/2021 at 12:30 PM before Judge Rudolph Contreras via Zoom Video. Bond Status of Defendant: Committed/Commitmen Issued; Court Reporter: Sara Wick; Defense Attorney: Natasha Taylor–Smith; US Attorney: Brandon K. Regan; Pretrial Officer: Shay Holman; (zj) (Entered: 09/16/2021) |
| 09/24/2021 | 37 | | ORDER denying 34 Defendant's Motion to Revoke Detention Order and for Pretrial Release. See document for details. Signed by Judge Rudolph Contreras on 09/24/2021. (lcrc2) (Entered: 09/24/2021) |
| 09/24/2021 | 38 | | MEMORANDUM OPINION denying 34 Defendant's Motion to Revoke Detention Order and for Pretrial Release. See document for details. Signed by Judge Rudolph Contreras on 09/24/2021. (lcrc2) (Entered: 09/24/2021) |
| 09/27/2021 | | | MINUTE ORDER: The parties are hereby ORDERED to respond on or before October 11, 2021, to the Supplemental Memorandum re Motion to Produce Video and Audio Exhibits filed by AMERICAN BROADCASTING COMPANIES, INC., et al, in the related case In re Application for Access to Video Exhibits, 21–mc–00090, ECF No. 6. Responses should be filed on the dockets for both 21–mc–00090 and 21–cr–00158. SO ORDERED. Signed by Judge Rudolph Contreras on 09/27/2021. (lcrc2) (Entered: 09/27/2021) |
| 09/27/2021 | 39 | | NOTICE *Regarding Status of Discovery as of September 14, 2021* by USA as to KYLE FITZSIMONS (Regan, Brandon) (Entered: 09/27/2021) |
| 10/07/2021 | 40 | | NOTICE OF APPEAL (Interlocutory) by KYLE FITZSIMONS re 37 Order on Motion to Revoke, Order on Motion for Release from Custody. Fee Status: No Fee Paid. Parties have been notified. (Taylor–Smith, Natasha) (Entered: 10/07/2021) |
| 10/11/2021 | 41 | | REPLY in Support by USA as to KYLE FITZSIMONS re 31 MOTION for Disclosure MOTION Government Response to Application for Access to Video Exhibits (Regan, Brandon) (Entered: 10/11/2021) |
| 10/11/2021 | 42 | | RESPONSE by KYLE FITZSIMONS re 32 MOTION for Disclosure *Defendant Response to Application Regarding Video Exhibit Release* (Attachments: # 1 Exhibit A)(Taylor–Smith, Natasha) (Entered: 10/11/2021) |

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NUMBER 21-158** |
| | **:** | |
| | **:** | |
| **KYLE  FITZSIMONS** | **:** | |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given that the above-named Defendant hereby appeals to the United

States Court of Appeals for the District of Columbia from the Order entered on September 24,

2021, denying the Defendant's Motion to Revoke Detention Order and for Pretrial Release.



Respectfully submitted,



*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

## <u>CERTIFICATE OF SERVICE</u>

I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, Federal Court Division Defender Association of Philadelphia, hereby certify that I caused a copy of the Notice of Appeal to be filed and served electronically through the District of Columbia District Clerk's Office Electronic Case Filing upon Brandon K. Regan, Assistant United States Attorney, United States Attorney's Office, 555 4th St., NW, Washington, DC 20530.

<i>/s/ Natasha Taylor-Smith</i><br>NATASHA TAYLOR-SMITH<br>Assistant Federal Defender

DATE:        <u>October 7, 2021</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | | |
| v. | : | Case No.: | 21-cr-158 |
| | : | | |
| KYLE FITZSIMONS, | : | Re Document No.: | 34 |
| | : | | |
| Defendant. | : | | |

### ORDER

#### DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

For the reasons stated in the Court's memorandum opinion separately and contemporaneously issued, the Defendant's motion to revoke the detention order and for pretrial release (ECF No. 34) is **DENIED**. It is hereby:

**ORDERED** that Defendant shall be detained pending trial.

**SO ORDERED**.

Dated: September 24, 2021                         RUDOLPH CONTRERAS
                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 21-158** |
| | : | |
| | : | |
| **KYLE  FITZSIMONS** | : | |

**MOTION TO REVOKE DETENTION ORDER**
**AND FOR PRETRIAL RELEASE**

Defendant Kyle Fitzsimons, by and through his undersigned attorney, moves the Court, pursuant to 18 U.S.C. §§ 3142(e) and 3145(b), to revoke the Magistrate Judge's order of detention and issue an order authorizing pretrial release with location monitoring or other conditions deemed appropriate by the Court.  Mr. Fitzsimons is neither a flight risk, nor a risk of danger to his community.  Monitoring, along with other conditions of release, reasonably will assure Mr. Fitzsimons's future appearances before this Court and the safety of other persons and the community.

## I.     PROCEDURAL HISTORY

On February 1, 2021, the government filed a criminal complaint against Mr. Fitzsimons, charging him with several offenses related to the breach of the Capitol on January 6, 2021.  Mr. Fitzsimons subsequently was arrested at his home in in Lebanon, Maine on February 4, 2021, and the government orally moved for pretrial detention pending his transfer to the District of Columbia.  Mr. Fitzsimons was advised at that time to not participate in an interview that was conducted by U.S. Pre-Trial services.  He subsequently stipulated to detention and probable

cause with the understanding that he could exercise his right to have a hearing on both upon transfer from Maine to the District of Columbia.

On February 26, 2021, the United States Attorney in and for the District of Columbia issued a 10 count Indictment charging Mr. Fitzsimons with two (2) counts of Civil Disobedience in violation of Title 18 U.S.C. §231(a) 3; one (1) count of obstruction of an official proceeding in violation of Title 18 U.S.C. §1512(c)(2), 2; two (2) counts of inflicting bodily injury on certain officers in violation of Title 18 U.S.C. §111(a)(1) and(b); one (1) count of entering and remaining in a restricted building or grounds in violation of Title 18 U.S.C. §1752(a)(1); one (1) count of disorderly conduct in a restricted building or grounds in violation of Title 18 U.S.C. §1752(a)(2); one (1) count of engaging in physical violence in a restricted building or grounds in violation of Title 18 U.S.C. §1752(a)(4); one (1) count of disorderly conduct in the Capitol in violation of 40 U.S.C. §5104 (e)(2)(D); and one (1) count of acts of physical violence in the Capitol in violation of 40 U.S.C. §5104(e)(2)(F).

On March 29, 2021, Magistrate Judge Zia M. Faruqui conducted Mr. Fitzsimons's initial appearance in the District of Columbia and preliminary and detention hearings were scheduled before Magistrate Judge G. Michael Harvey.  On April 6, 2021, Magistrate Judge G. Michael Harvey ordered the Government to file a supplemental motion for detention in this matter to explain the inconsistencies with the assertion that Mr. Fitzsimons was charged with a crime of violence based upon the concession on that issue in another matter pending before the Court[1]. Additionally, the Court began its detention hearing.  The detention hearing was concluded on

---

[1] Ultimately, the Court allowed the government to proceed with its argument that 18 U.S.C.§111 (b) was a crime of violence.

April 7, 2021, and an order granting the Government's motion for detention was issued by the Court.

## II.     FACTUAL BACKGROUND

Kyle Fitzsimons is a 37-year-old resident of the State of Maine.  He was born in Newburg, New York and was raised in Highland Falls and Ft. Montgomery, New York.  His father was employed at the United States Military Academy at West Point, and Mr. Fitzsimons spent his formative years in the shadow of that great institution.  He graduated from high school with many of the children living in West Point and went on to complete his bachelor's degree at the State University of New York at New Paltz.

Mr. Fitzsimons grew up with a great love for our nation and tried to take an interest in the wellbeing of his community during his adult life.  His opinions may have been contrary to the opinions of some; however, he was never violent.  He has been married to his wife, Justine, for 3 years, and they own a home in Lebanon, Maine.  The couple share a daughter, who just celebrated her second birthday earlier this month.

He is also very close with his mother, Jeanean Fitzsimons, who resides in Titusville, Florida; and his sister, Kaitlyn McKenzie, who resides in Chicago. Mr. Fitzsimons does not possess a passport and prior to his arrest was working as a freelance butcher for small farmers throughout York and surrounding counties in Maine.

Like many other Americans, Mr. Fitzsimons took a strong interest in the outcome of the 2020 Presidential election. When the results were announced, he was disappointed. Over the next few months, Mr. Fitzsimons was inundated with comments from local, state and federal elected officials about how the election process had been usurped.  Convinced that the election results

had been fraudulently reported, he was moved by the words of then-President Trump to travel to the District of Columbia for the "Save America Rally."

Mr. Fitzsimons traveled alone to the District of Columbia.  He stayed at a local hotel, did some sightseeing, and even visited the beautiful St. Peter's Church.

On the morning of January 6, 2021, Mr. Fitzsimons traveled alone over to the Ellipse. The park just south of the White House fence was buzzing.  A large but peaceful crowd was assembled.  There, Mr. Fitzsimons stood and listened to speaker after speaker explain how the elections results were fraudulent and what legal steps could be taken to petition Congress to act to correct them. In fact, then-President Trump assured the crowd that then-Vice President Michael Pence had "an absolute right" to send the votes of the electors back to their individual states to be recertified. He told them that this was the only way "**WE** [would] become President" and encouraged the attendees to "walk down to the Capitol" with him.

Mr. Fitzsimons had no prior intent to enter the Capitol building or engage in violence, but the energy of the crowd that day is well-documented, and the mood shifted from one of purported patriotism to agitation.  Mr. Fitzsimons's alleged conduct that day was contrary to how he comported himself before and after January 6th.

Mr. Fitzsimons has minimal criminal history, and no history of substance abuse or mental health issues.  He is an anomaly for his generation, having almost no presence on social media. He is not a member of a violent or extremist group.  Rather, he is a lone individual who was persuaded by the rhetoric of then-President Trump and the Republican party, and was led to believe that the 2020 election was stolen.  Mr. Fitzsimons believed voter fraud occurred, which ultimately lead to his arrest in this instant matter. He, however, is not a threat to his community and should not be detained pending trial.

4

## III.    DISCUSSION

Mr. Fitzsimons seeks revocation of the detention order issued by Magistrate Judge Harvey.  "If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."  18 U.S.C. § 3145(b); *see also United States v. Hassanshahi*, 989 F. Supp.2d 110, 113 (D.D.C. 2013) ("Authority to review the release order lies with the district judge.").  The district court judge reviews the magistrate judge's detention order *de novo*.  *Id*.; *see also Klein*, 2021 WL 1377128, at *3 ("Although the D.C. Circuit has not ruled on the matter, every circuit to consider the issue has found that a magistrate judge's detention order is subject to *de novo* review.").

Utilizing the "default rule favoring liberty," Mr. Fitzsimons should be released pre-trial. *United States v. Cua*, No. CR 21-107, 2012 WL 918255, at *8 (D.D.C. Mar. 10, 2021) (granting defendant's release to custody of parents in insurrection case involving, among other charges, assault with dangerous weapon).   Indeed, "'[o]ur system of criminal justice embraces a strong presumption against detention.'" *Hassanshahi*, 989 F. Supp.2d at 113 (quoting *United States v. Hanson*, 613 F.Supp.2d 85, 87 (D.D.C. 2009)).  "'In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" *Id.* (quoting *United States v. Salerno*, 481 U.S.739, 755 (1987)).  In light of these guiding principles, Mr. Fitzsimons should be released pending trial because there is no serious risk that he will obstruct justice, nor is he a flight risk or danger to the community.  Therefore, the Bail Reform Act requires release in this case because "there are conditions of release that will reasonably assure [his] appearance and the safety of any other person and the community . . . ."  18 U.S.C. § 3142(f) and (g).

**A. Mr. Fitzsimons Cannot Be Detained on Obstruction of Justice Grounds Because the Government Has Not Presented Any Evidence That There Is a Serious Risk That He Will Obstruct or Attempt to Obstruct Justice.**

Mr. Fitzsimons should not be detained on obstruction grounds because there is absolutely zero evidence that there is a serious risk that he is likely to commit obstruction offenses if released from detention.  The Bail Reform Act requires the Court to hold a detention hearing upon motion of the government where the case involves "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure or intimidate, or attempt to threaten or intimidate a prospective witness or juror."  18 U.S.C. § 3142(f)(2)(B).  The mere fact that Mr. Fitzsimons has been charged with obstruction of an official proceeding cannot serve as the sole basis for detention on obstruction grounds.  Indeed, "[t]here is not a *per se* rule that an obstruction of justice charge warrants detention."  *United States v. Omar*, No. 3:10-CR-00260. 2011 WL 902487, at *15 (M.D. Tenn. Mar. 15, 2011) (citation omitted); *see also United States v. Demmler*, 523 F. Supp.2d 677, 683 (S.D. Ohio 2007) ("[T]he Court will not assume that just because [defendant] has been charged with . . . obstruction of justice, he is likely to commit these same offenses again during the course of these proceedings.  Indulging in such an assumption would be tantamount to creating a *per se* rule of detention in cases involving . . . obstruction[.]").  Absent the obstruction charge against Mr. Fitzsimons in the instant matter, there is no adequate reason to detain him on obstruction grounds.

**B. The Government Cannot Prove by a Preponderance of the Evidence That Mr. Fitzsimons Poses a Serious Risk of Flight.**

There is no serious risk that Mr. Fitzsimons will flee if released on bail.  Mr. Fitzsimons has an extremely supportive and law-abiding family.  His mother, who has retired to Titusville, Florida, has offered to open her home to him.  She has also agreed to ensure that he adheres to the conditions of pre-trial release including, but not limited to, making himself available for any

6

and all proceedings.  He does not possess a passport and although the Government did make the assertion that Mr. Fitzsimons was a flight risk, there was no evidence to support the same. He made no attempts to evade arrest or obscure his identity after the events of January 6, 2021.

The government sought pretrial detention in this case on the grounds that this case "involves . . . a risk of flight." See, Detention Hearing (April 6, 2021) p.14.  In support of this motion for detention, the government argued that Mr. Fitzsimons is a flight risk because he was charged in this case.  That argument lacks merit.  Otherwise, no individual arrested based upon their actions on January 6, 2021, would be able to overcome this prong.  Furthermore, the government cannot rely solely on the potential penalty in this case to show risk of flight. "In evaluating the likelihood of flight, the potential penalty has merit, but . . . the stability of [defendant's] relationship to the community" is much more persuasive.  *White v. United States*, 412 F.2d 145, 147 (D.C. Cir. 1968).

The preponderance of evidence in this case establishes that Mr. Fitzsimons does not "pose risk of flight [.]" See, Detention Hearing (April 7, 2021) p. 15. (holding government did not prove by preponderance of evidence that Mr. Fitzsimons is a flight risk); *see also United States v. Xulam*, 84 F.3d  441, 442 (D.C. Cir. 1996) ("[W]hen the government seeks pretrial detention of an individual on the ground that he poses a risk of flight, the standard it must satisfy is a 'preponderance of evidence.'" (citation omitted)).  Magistrate Judge Harvey was not persuaded that the government had shown (or even really argued) that Mr. Fitzsimons was a flight risk. *Id*.  Nor does Mr. Fitzsimons have the financial resources to flee – at the time of the detention hearing, Mr. Fitzsimons was working as a contract butcher for local farms and did not possess a passport.  In light of Mr. Fitzsimons's strong family ties and lack of serious risk of flight, detention on the basis of likelihood to flee is not warranted.

**C. The Government Cannot Prove by Clear and Convincing Evidence That Mr. Fitzsimons Presents an Identified and Articulable Threat to an Individual or the <u>Community.</u>**

Outside of the unique set of circumstances that drew Mr. Fitzsimons to Washington, D.C. on January 6th, he does not present any specific and identifiable threat to any individual or his community.  "To justify detention . . . [based on] dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably assure the safety of any other person in the community."  *United States v. Munchel*, 991 F.3d 1273, 1279-80 (D.C. Cir. 2021) (citations omitted); *see also* 18 U.S.C. § 3142(f).  In assessing whether Mr. Fitzsimons must be detained on the basis of dangerousness, the Court considers the following factors: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).  On balance, weighing these factors against the backdrop of the notion that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception[,]" Mr. Fitzsimons does not pose a "concrete, prospective threat to public safety."  *Munchel*, 991 F.3d at 1279, 1280.

*1.  Nature and circumstances of the offense charged.*

In considering the nature and circumstances of the offense charged, the Court considers whether the offense charged is a crime of violence.  18 U.S.C. § 3142(g)(1).  Counts Four and Five of the indictment charges Mr. Fitzsimons with assaulting, resisting, or impeding certain officers using a dangerous weapon, inflicting bodily injury, in violation of 18 U.S.C. §§ 111(a)(1) and (b).  The D.C. Circuit Court has yet to rule on the issue of whether § 111(b) categorically constitutes a crime of violence.  *See United States v. Klein*, No. CR 21-236, 2021

WL 1377128, at *6 (D.D.C. Apr. 12, 2021) (noting the "D.C. Circuit has not yet weighed in" but also recognizing that "every circuit to address the issue" has concluded that § 111(b) constitutes a crime of violence).

Even if the Court ultimately deems § 111(b) to be a crime of violence, such a determination should not weigh against release in this case, particularly in light of the fact that other defendants charged with the same offenses have been released. co-defendant Paul Russell Johnson, who is charged under the same statute, has been released.  Not only has he been released on bail, but the government did not even seek detention in his case in D. C. District Court.  *See* Minute Entry for Paul Russell Johnson (21-CR-332-01) Detention Hr'g of 4/29/21 ("Government does not seek the Defendant's pretrial detention.").  Mr. Johnson's release – and the release of other Capitol defendants charged under § 111(b) – demonstrates that there is no *per se* rule that individuals charged with a violation of § 111(b) must be detained.  *See*, *e.g.*, *Klein*, 2021 WL 1377128, at *1, *2  (D.D.C. Apr. 12, 2021); *United States v. David Alan Blair*, Crim. No. 21-186 (D.D.C.); *United States v. Clayton Ray Mullins*, Crim. No. 21-035-4 (D.D.C.); *United States v. Robert Scott Palmer*, Crim. No. 21-328 ((D.D.C.); *United States v. Robert Sanford*, Crim. No. 21-086 (D.D.C.); *United States v. Tristan Chandler Stevens*, Crim. No. 21-040-2 (D.D.C.); *see also United States v. Chrestman*, -- F. Supp. 3d --, 2021 WL 765662, at *7 (D.D.C. Feb. 26, 2021) ("Nonetheless, not all of the rioters charged with offenses stemming from the January 6 attack will be held pending trial.  Nor has this court uniformly granted the government's requests for pretrial detention.").

In addition to taking into account whether this case involves a crime of violence, there are other circumstances to consider.  While not binding on this Court, Beryl Howell, Chief Judge for the U.S. District Court for the District of Columbia, has set forth six factors to consider that are

9

relevant to the nature and circumstances of offenses committed on January 6, 2021: whether defendant (1) has been charged with felony or misdemeanor offenses (2) engaged in prior planning before arriving at the Capitol; (3) carried or used a dangerous weapon during the riot; (4) coordinated with other participants before, during, or after the riot; (5) assumed a formal or de facto leadership role in the assault by encouraging other rioters' misconduct; and (6) used words and movements that reflected the egregiousness of his conduct. *Chrestman*, 2021 WL 765662, at \*7-\*8. Arguably, only two of the six factors in this case weigh in favor of detention – (1) felony offense and (6) words and movements, but conditions of release are capable of mitigating any perceived risk triggered by these two factors.

Mr. Fitzsimons has been charged with felony offenses. While felony offenses "are by definition more serious than misdemeanor offenses[,]" this designation should not carry great weight. Individuals charged with felonies routinely are released from pretrial custody and, in this case, there are conditions of release that will mitigate any concerns about risk of danger and assure Mr. Fitzsimons's appearance.

Here, with respect to his words and movements, there are no allegations that Mr. Fitzsimons used any words to rile up the crowd or that would evince intent to overthrow the Capitol. While Mr. Fitzsimons's movements arguably might cause concern for the Court, these concerns may be alleviated through the use of tailored release conditions.

The remaining four factors weigh in favor of release. Mr. Fitzsimons did not engage in any prior planning prior to traveling to the Capitol. Magistrate Judge Harvey found there was "No real evidence … of planning with respect to violence that day." Detention Hearing (April 7, 2021) p. 14. Magistrate Judge Harvey also found that Mr. Fitzsimons was not like "People who've come with, you know, tactical equipment, came to the Capitol with weapons, people for

10

whom the government does have clear evidence of, you know, calls to arms and planning in anticipation of some sort of violence at the Capitol." *Id.* Nor did Mr. Fitzsimons use or carry a dangerous weapon during the riot.

On January 6th, Mr. Fitzsimons was dressed in civilian clothing (jeans, uniform coat, dark sweatshirt), and did not bring or use any weapons, such as "a firearm, a large pipe, a wooden club, an axe handle, or other offensive-use implement[.]" *Chrestman*, 2021 WL 765662, at *8.

There is absolutely no evidence that Mr. Fitzsimons coordinated with other participants before, during, or after the riot. He has virtually no presence on social media; he drove his car to the rally alone, visiting national landmarks and a Catholic church when he arrived in the District of Columbia. Upon arrival, he did not meet up with anyone, but rather went alone to President Trump's rally. After leaving the rally, he walked to the Capitol by himself. There simply is no evidence that Mr. Fitzsimons coordinated with others to overtake the Capitol. *See, Chrestman*, 2021 WL 765662, at *8 (contrasting coordination of Proud Boys, which included urging the other Proud Boys to "take" the Capitol).

Finally, Mr. Fitzsimons did not assume any formal or de facto leadership role on January 6, 2021. Mr. Fitzsimons was a lone actor – he traveled alone, he attended the rally alone, and he walked to the Capitol grounds alone. Moreover, the relevant video evidence does not show that Mr. Fitzsimons actively encouraged others to advance or confront law enforcement. In fact, the video corroborates this argument that he acted alone. Therefore, this factor weighs in favor of release.

## 2. *Weight of the evidence against Mr. Fitzsimons.*

Although there is ample video evidence in this case, "[e]ven overwhelming evidence of

11

guilt" does not amount to "clear and convincing evidence that no conditions of release can reasonably assure the safety of the community." *United States v. Taylor*, 289 F. Supp.3d 55, 66 (D.D.C. 2018) (instructing court must "review the weight of the evidence against the defendant as an indicia of whether any conditions of pretrial release will reasonably assure the safety of the community"). There are conditions of release to assure the safety of Mr. Fitzsimons's community.

### 3. *History and characteristics of Mr. Fitzsimons.*

In considering the history and characteristics of Mr. Fitzsimons, the Court must take into account "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . . ." 18 U.S.C. § 3142(g)(3)(A). After a full detention hearing, Magistrate Judge Harvey found that "this factor weighs in favor of release." Id. at 14. A similar finding should be made in the instant matter.

Mr. Fitzsimons is a college graduate. He has been married for 3 years and the couple has a 2-year-old child. His mother is extremely supportive of his return to the community and has agreed to help supervise him upon his release. In fact, his mother has contacted her local telecommunications company to have a landline installed, so that he might be placed on location monitoring if ordered to do so. Mrs. Fitzsimons – who is now retired – has also noted that she could be of assistance helping her son obtain employment, so that he can help financially provide for his young child.

Notably, Mr. Fitzsimons does not have substance abuse issues or mental health conditions, and he is in good physical health. Nor does Mr. Fitzsimons have a history of

12

violence or membership in violent or extremist groups.  Mr. Fitzsimons has one misdemeanor

conviction for driving under the influence, and a traffic incident, but these contacts are not

probative of entire history and characteristics, nor indicative of future behavior.  In addition, the

mere fact that Mr. Fitzsimons has been charged for his actions on January 6th cannot serve to

undermine his history and characteristics.  Such an approach would amount to a *per se* rule that

all actors involved on January 6th should be detained.  The release of others establishes that no

such rule exists.  Accordingly, based on the history and characteristics outlined above, this factor

weighs in favor of release.

Furthermore, the government's assertion that, by previously exercising his First

Amendment Right to petition the Government for a redress of grievances, Mr. Fitzsimons

presents a specific and articulable threat is without merit.  Mr. Fitzsimons has never been

arrested for any threat or act of violence.  He has an absolute constitutional right to contact his

elected officials to voice concerns about community issues.  Additionally, Mr. Fitzsimons can be

placed on location monitoring to track and limit his movements.  Therefore, the government has

failed to demonstrate how Mr. Fitzsimons's release would pose a threat.

4. *Nature and seriousness posed by Mr. Fitzsimons's release.*

The final factor to consider is the "nature and seriousness of the danger to any person or

the community that would be posed by the person's release." 18 U.S.C. § 3142(4).  This factor

was "determinative in the [Magistrate Court's] decision to detain Fitzsimons" but, respectfully,

the court's conclusion regarding this factor was wrong and contrary to the law.  When analyzing

the nature and seriousness posed by Mr. Fitzsimons's release, the Court must consider whether

the government has "proved by clear and convincing evidence that an arrestee *presents an*

*identified and articulable threat* to an individual or the community . . . ."  *Munchel*, 991 F.3d at

13

1280.  Indeed, the point of detention is to "disable the arrestee *from executing that threat*."  *Id.* (quotation omitted).  In this respect, the Magistrate Court failed to adequately articulate the specific threat posed by Mr. Fitzsimons.

The Court also must consider the threat in context.  *Id*. at 1283.  Here, when viewed in context, the only threat arguably presented by Mr. Fitzsimons is limited to the particular circumstances that transpired on January 6th.  *See, Id*.  Viewed within the context of January 6th, the evidence shows that Mr. Fitzsimons was caught up in the frenzy of the rally and protest.  His lack of prior planning and coordination with others supports this determination. He was swept up in the large crowd and behaved in a manner that was completely foreign to his actions before or after January 6th.  At most, one could assume *arguendo* that Mr. Fitzsimons might pose a danger to, say, attempt to stop an act of Congress in the future, but this danger would require the same set of unique circumstances that occurred on January 6, 2021 – rally, protest, Congressional tally of votes – to take place again at some point in the future.  This is simply too speculative a basis to make a specific finding of danger to any person or the community.

The government must acknowledge that, if it considers the threat in context, there absolutely are conditions to "mitigate, if not eliminate, the *one very specific risk*" that Mr. Fitzsimons would engage in conduct during another political rally.  To do otherwise is to improperly reject the contextual consideration of dangerousness, instead opting to generalize the threat to his theoretical capability of assaulting and injuring law enforcement.  This generalized threat is not based on the stale driving under the influence or traffic violation, which Magistrate Judge Harvey has rightly discounted as a factor in favor of detention, but rather on Mr. Fitzsimons's anomalous acts on January 6th.

14

Additionally, there is no clear and convincing evidence that Mr. Fitzsimons poses a specific danger to law enforcement if released. When considering the danger posed by a person's release, it absolutely is appropriate to consider whether the individual will "engage in the *same kinds* of inherently dangerous and illegal activities" at issue in the particular case. *United States v. Wiggins*, -- F. Supp.3d --, 2020 WL 1868891, at *8 (D.D.C. Apr. 10, 2020) (holding defendant did not show by clear and convincing evidence that if he were released he would not engaged in the same kinds of dangerous activities) (emphasis added); *see also United States v. Lee*, 451 F. Supp.3d 1, 7-8 (D.D.C. 2020) (concluding the danger posed by the person's release is the "risk that he will continue to engage in the *same types* of unlawful and potentially dangerous conduct") (emphasis added)).

Here, there is no danger that Mr. Fitzsimons will engage in the same type of conduct in which he engaged on January 6th. Considering his "resources and capabilities," *Munchel*, 991 F.3d at 1283, he has minimal financial resources and no social groups with which to foment antisocial behavior; there are no weapons in his mother's home; and he has not created any social media posts threatening continued political violence. *See Cua*, 2021 WL 918255, at *7-*8 (granting release despite defendant's violent social media postings). Simply put, absent a coordinated political rally for a unique purpose, Mr. Fitzsimons poses no danger to his community.

To be sure, Mr. Fitzsimons's statements to the press after the events are regrettable. But these statements should not outweigh every other factor in this case weighing in favor of release. *See United States v. Padilla*, Crim. No. 21-214, 2021 WL 1751054, at *8 (D.D.C. May 4, 2021) (finding defendant's post-January 6th bragging resulted in "mixed" history and characteristics that did not "point definitively in one direction or the other.")

Viewing the nature and seriousness of the danger in context, it is clear that he posed no danger to his community before or after January 6th.  Moreover, any risk concerns can be mitigated through any number of conditions of release.  If, however, the Court considers the risk of danger in this case to be a close call, the decision regarding release should be "guided by the default rule favoring liberty."  *Cua*, 2021 WL 918255, at *8.

## IV.    CONCLUSION

For the foregoing reasons, defendant Kyle Fitzsimons respectfully requests the Court grant the instant motion and revoke the Magistrate Court's order of detention and issue an order for pretrial release.


Respectfully submitted,


*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

## <u>CERTIFICATE OF SERVICE</u>

I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the Defendant's Motion to Revoke Detention Order and for Pretrial Release to be filed and served electronically through the District of Columbia District Clerk's Office Electronic Case Filing upon Brandon K. Regan, Assistant United States Attorney, United States Attorney's Office, 555 4th St., NW, Washington, DC 20530.

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

DATE: August 27, 2021