# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 21-3069**  **September Term, 2021**

**1:21-cr-00158-RC-1**

**Filed On:** December 17, 2021

United States of America,

    Appellee

  v.

Kyle Fitzsimons,

    Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**  Rogers, Pillard, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

**ORDERED AND ADJUDGED** that the district court's September 24, 2021, order be affirmed. Appellant has not shown that the district court clearly erred in finding that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community. See United States v. Munchel, 991 F.3d 1273, 1282 (D.C. Cir. 2021).

As we explained in Munchel, "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." Munchel, 991 F.3d at 1284. During the January 6, 2021 incident, as shown in video recordings and other evidence submitted by the government, appellant worked his way to the front of a group of individuals attempting to violently force their way inside the U.S. Capitol by physically overcoming a defensive line of police officers. The recordings and other evidence show that, during this confrontation, appellant repeatedly pushed, punched, and grabbed at officers.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-3069**　　　　　　　　　　　　　　　　　**September Term, 2021**

　　　The district court did not clearly err in weighing appellant's conduct, the weight of the evidence against him, the nature of the charges, and the evidence of his increasingly aggressive and threatening behavior towards government officials over the past several years.  Nor did the district court clearly err in finding, based on all of the evidence, that appellant would pose a danger to the community if released.  See 18 U.S.C. § 3142(g).

　　　The district court found that "no combination of pretrial release conditions could reasonably guarantee the safety of the community" based on appellant's "history of confrontational and threatening conduct in furtherance of his political views and his actions on January 6 . . . [that] demonstrated a disregard for the safety of others and the rule of law."  A. 270–71.  Appellant has not shown that these conclusions were clearly erroneous.  Given that finding, the district court was not required to make further specific findings on the record with respect to the likely effectiveness of other potential release conditions.  See United States v. Quaglin, 851 F. App'x 218, 219 (D.C. Cir. 2021) (per curiam).

　　　Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

　　　　　　　　　　　　　　　　　　　**FOR THE COURT:**
　　　　　　　　　　　　　　　　　　　Mark J. Langer, Clerk

　　　　　　　　　　　　　　　BY:　　/s/
　　　　　　　　　　　　　　　　　　　Daniel J. Reidy
　　　　　　　　　　　　　　　　　　　Deputy Clerk