UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-158 (RC) |
| KYLE FITZSIMONS | |

**JOINT PRETRIAL STATEMENT**

Pursuant to the Court's March 22, 2022, Amended Pretrial Order, the parties submit this Joint Pretrial Statement.

As a preliminary matter, the defendant has informed the government that he intends to waive his right to a jury trial, and the Court has scheduled a hearing to that effect on May 27, 2022. (Dkt. 71, 72.) The government consents to the defendant's request for a bench trial. Should the defendant persist in his waiver and should the Court approve it, much of the Joint Pretrial Statement below would be rendered moot.

**1.      Joint Statement of the Case to Read to Prospective Jurors**

The defendant in this case, Kyle Fitzsimons, is charged with 11 crimes relating to his conduct on the grounds of the United States Capitol on January 6, 2021. Count One charges the defendant with obstructing, impeding, and interfering with law enforcement officers from the United States Capitol Police or District of Columbia Metropolitan Police Department, during a civil disorder. Count Two charges the defendant with obstruction of an official proceeding, that is, Congress's meeting at the U.S. Capitol on January 6, 2021, to certify the Electoral College vote for president. Counts Three through Six charge the defendant with four separate assaults on law enforcement officers,

one of which involved a dangerous weapon, and two of which caused bodily injury. Counts Seven through Eleven charge the defendant with crimes related to his presence and conduct on the Capitol grounds including, acts of physical violence, disorderly and disruptive conduct, and entering and remaining in a restricted area.  The defendant has pleaded not guilty to all charges.

2.     **Estimated Trial Length**

The government estimates that jury selection will take one day and that its case in chief will take four days.  The defendant estimates that his case in chief will take one day. The government does not anticipate needing more than one day for any rebuttal case.

3.     **Expert Witnesses**

Neither the government nor the defendant expect to call any expert witnesses.

4.     **Outstanding Motions in Limine**

Only one motion in limine is outstanding, the Government's Notice and Motion to Admit Evidence as Intrinsic Evidence or, in the Alternative, as "Other Acts" Evidence Pursuant to Federal Rule of Evidence 404(b)," Dkt 61.  The defendant filed an opposition.  Dkt. 66.

5.     **Proposed *Voir Dire* Questions**

    a.    Do you live outside of the District of Columbia?

    b.    Do you live or work at or near the U.S. Capitol Building?

    c.    Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

    d.    Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021?  If yes, how many times have you seen videos,

|   |   |
|---|---|
|   | in whole or in part, and from what source (e.g. website, news channel, or social media platforms)? |
| e. | Do you know or are you acquainted with the defendant in this case, Kyle Fitzsimons? |
| f. | Have you seen or heard anything in the news or elsewhere about Mr. Fitzsimons? |
| g. | Have you ever watched video of this defendant from January 6, 2021, on the news or on the Internet? If yes, how many times have you seen videos of the defendant, in whole or in part, on TV or on the internet? (1 time, 2-3 times, 4-5 times, 6 or more times). |
| h. | Some of the evidence in this case may include audio that includes racial bias. What impact, if any, would that have on your ability to be fair and impartial in this matter? |
| i. | Would the fact that Mr. Fitzsimons has been categorized as "the Butcher" in the press have any impact on your ability to be fair and impartial in the case? |
| j. | Have you seen or heard anything in the news or elsewhere about specific individuals who were present at the U.S. Capitol on January 6, 2021? |
| k. | Do you have such strong personal feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021, such that you would be unable to follow my instructions on the law and be a fair and impartial juror in this case? |
| l. | Do you have any strong personal feelings or opinions about the outcome of the 2020 presidential election, such that it would impact your ability to be fair and impartial in this case? |
| m. | The government is represented in this case by Assistant United States Attorneys Douglas Brasher and Michael Gordon. (Please have them stand and introduce themselves.) Do you know Mr. Brasher or Mr. Gordon? |
| n. | Do you know or are you acquainted with Mathew M. Graves, the United States Attorney for the District of Columbia? |
| o. | Mr. Fitzsimons is represented in this case by Assistant Federal Public Defender Natasha Taylor-Smith and Jake O'Donnell, along with their investigator Gisela Garcia. (Please have them stand and introduce |

|   |   |
|---|---|
| | themselves.)  Do you know Ms. Taylor-Smith , Mr. O'Donnell, or Ms. Garcia? |
| p. | (Introduce courtroom personnel.)  Do you know or are you acquainted with any of these individuals? |
| q. | Are you related to, or acquainted with, any one of the following witnesses which the government may call?  (Please have government read list of witnesses.) |
| r. | Are you related to, or acquainted with, any one of the following witnesses which the government may call?  (Please have defense read list of witnesses.) |
| s. | There are many people on this jury panel.  Do you recognize another member of the panel as being a relative, close friend, or associate? |
| t. | I will instruct the jury at the end of the trial that the testimony of a police officer should be treated the same as testimony from any other witness and that the jury should give either greater or lesser weight to the testimony of a witness simply because that witness is a police officer.  Do you have such strong feelings or opinions about police, either positive or negative, that would make it difficult for you to follow this instruction? |
| u. | The burden of proof, as in all criminal cases, is proof beyond a reasonable doubt, and this burden rests on the government and never shifts to the defendant.  While it is a strict and heavy burden, it is not an impossible burden.  The government, for example, is not required to prove guilt beyond all doubt.  Would anyone hold the government to a higher burden than beyond a reasonable doubt? |
| v. | All defendants have constitutional right not to testify, and if Mr. Fitzsimons decides not to testify, I will instruct you that you cannot hold his silence against him in any way.  Would you have any difficulty following that instruction? |
| w. | Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct.  The jury may not choose to follow some rules of law and ignore others, and even if the jury disagrees with or dislikes a rule of law, or does not understand the reasons for some of the rules, it is the jury's duty to follow those rules.  Will you have any difficulty following my legal instructions, whatever they may be? |
| x. | If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, |

**Joint Pretrial Statement—Page 4**

podcasts, social media, and other Internet sources.  That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case.  You will also be forbidden from Googling this case, blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet.  Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

**The next four questions relate to you, members of your immediate family, and close personal friends.**

y.  Does anyone in this group (that is, you, members of your immediate family, or close personal friends) work for, or have previously worked for, any law enforcement agency.  This includes any local police or sheriff's department in or outside the District and it includes federal law enforcement agencies like the FBI, the Secret Service, the Department of Homeland Security, and the U.S. Capitol Police.  It also includes any prosecutors' offices, such as a U.S. Attorney's office, a state's attorney's office, or a district attorney's office.

z.  Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever attended law school, worked as a lawyer, or worked in a law office?

aa. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been arrested for, charged with, or convicted of a crime, other than traffic violations?

bb. Has anyone in this group (that is, you, members of your immediate family, or close personal friends) ever been the victim of or witness to a crime?

cc. Have you had any experience as a juror?  Was there anything about the experience that you believe makes you unable to be fair and impartial as a juror in this case?

dd. If, after considering all of the evidence and my instructions on the law, you find the defendant guilty of one or more counts in the indictment, it will be my job as the judge and my job alone to determine the punishment.  The law does not permit you to consider the issue of punishment because there are factors, having nothing to do with this trial, which will help me determine the appropriate sentence, if any.  Would you have difficulty or would you be uncomfortable serving as a juror knowing that you will not have any say in any fine, restitution, or jail sentence that I may impose?

ee. (Describe the Courtroom COVID-19 protocols, such as plexiglass, masks, and spacing.) Would any of you be uncomfortable serving as a juror with these safety protocols in place?

ff. Do you have any health or medical problems that would interfere with your ability to listen carefully and pay attention to the testimony in this case?

gg. Do you have any difficulty speaking, reading, writing or understanding the English language?

hh. Do you have any personal beliefs, whether religious, philosophical, or otherwise, such that you could not, after hearing all the evidence and law in this case, pass judgment on another person in a criminal case by returning a verdict of guilty?

ii. We expect the presentation of evidence in this case to conclude late this week or early next week. After the close of evidence, the jury will deliberate until it reaches a decision. Would serving as a juror in this case be an extreme hardship to you? And by this this, I mean extreme. Serving on a jury is often inconvenient. What I am asking is whether serving on this jury would be very difficult to you.

jj. My final question is a catchall question. Are there any other reasons that I have not asked about, that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

**6.  Proposed Jury Instructions**

The parties agree on jury instructions that are attached hereto as Exhibit 1. The parties agree on all of the proposed instructions, except the government objects to proposed instruction 9.510, Defense of a Third Person, as noted therein.

**7.  Prior Convictions**

On October 15, 2009, the defendant was sentenced to three years probation for Driving While Intoxicated. On December 12, 2006, the defendant was convicted of Operating Unregistered Motor Vehicle and received a sentence not known by the government at this time.

The government intends to use these convictions as impeachment evidence if the defendant testifies and to rebut any character evidence offered by defense witnesses. The defense would object to the admission of this evidence at trial.

**8.   Exhibits**

The parties will separately file their exhibit lists. The government's objections to the defendant's exhibits are attached hereto as Exhibit 2. The defendant will seek leave of Court to file his objections separately.

**9.   Stipulations**

The parties expect that they will enter into seven stipulations, which are attached hereto as Exhibit 3.[1]

**10.   Judicial Notice**

Neither party is requesting the Court to take judicial notice.

**11.   Verdict Form**

A verdict form is included at the end of the proposed jury instructions.

---

[1] Counsel for both parties have agreed to the stipulations. However, Mr. Fitzsimons' counsel was unable to secure his signature on the stipulations prior to today's date.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

| | |
|---|---|
| */s/ Douglas B. Brasher* | */s/ Natasha Taylor-Smith* |
| DOUGLAS B. BRASHER | NATASHA TAYLOR-SMITH |
| Assistant United States Attorney | Assistant Federal Defender |
| Texas State Bar No. 24077601 | 601 Walnut Street |
| 1100 Commerce Street, Third Floor | Suite 540 West |
| Dallas, Texas 75242-1699 | Philadelphia, Pennsylvania 19106 |
| douglas.brasher@usdoj.gov | natasha_taylor-smith@fd.org |
| Telephone:  214-659-8604 | Telephone:  215-928-1100 |
| | *Counsel for Defendant* |
| */s/ Michael Gordon* | |
| Assistant United States Attorney | |
| 400 N. Tampa St., Suite 3200 | |
| Tampa, Florida 33602 | |
| michael.gordon3@usdoj.gov | |
| Telephone:  813-274-6370 | |