IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-cr-158 (RC) |
| | : | |
| KYLE FITZSIMONS | : | |

**MR. FITZSIMONS'S SUPPLEMENT TO THE JOINT PRETRIAL STATEMENT**

Defendant Kyle Fitzsimons, through his undersigned attorney, seeks to supplement the parties' Joint Pretrial Statement with his objections to the government's trial exhibits. Accordingly, Mr. Fitzsimons objects to the admission of the following:

1. Government Exhibit 104—Wooden Bow, on the grounds of relevance and being overly prejudicial. Fed. R. Evid. 401, 402, 403. Unless the government demonstrates that the wooden bow is the same bow allegedly possessed by Mr. Fitzsimons on the grounds of the Capitol on January 6, admission of this exhibit is not relevant. Even if the Court finds this exhibit is relevant, it is overly prejudicial. The jury will have ample opportunity to see a bow in video footage presented by the government. And introduction of a physical bow would likely be shocking to many jurors. Therefore, any probative value of this evidence is substantially outweighed by a danger of unfair prejudice.

2. Government Exhibit 105—Box of Pelts, on the grounds of relevance and being overly prejudicial. Fed. R. Evid. 401, 402, 403. Unless the government demonstrates that the box of pelts contains the pelt allegedly worn by Mr. Fitzsimons on the grounds of the Capitol on January 6, admission of this exhibit is not relevant. Even if the Court finds this exhibit is relevant, it is overly prejudicial. The jury will have ample opportunity to see a pelt in video footage presented by the government. And introduction of a box of pelts would likely be disgusting and shocking to many jurors. Therefore, any probative value of this evidence is substantially outweighed by a danger of unfair prejudice.

3. Government Exhibit 107—Pictures from Search of 35 Gully Oven Road—Residence, on the grounds that these pictures are irrelevant. *See* Fed. R. Evid. 401-02. Pictures of Mr. Fitzsimons's living room and kitchen, for example, have no probative value. Pictures of wooden bows and pelts are also not relevant and are overly prejudicial for the reasons identified in Defense Objection 1 & 2.

4. Government Exhibit 108—Pictures from Search of 35 Gully Oven Road—Truck, on the grounds that these pictures are not relevant. *See* Fed. R. Evid. 401-02.

5. Government Exhibit 200—USCP Compilation Video, on the grounds that the

government must properly authenticate this exhibit. *See* Fed. R. Evid. 901(a); *cf. United States v. Rembert*, 863 F.2d 1023, 1027 (D.C. Cir. 1988) (In the case of photographic evidence, "[a]uthentication and identification are specialized aspects of relevancy that are necessary conditions precedent to admissibility."); *United States v. Lawson*, 494 F.3d 1046, 1052 (D.C. Cir. 2007) (To authenticate a photograph, "a witness with knowledge of the scene [may] testif[y] that it accurately depicts the scene it purports to represent."); *see also United States v. Louis*, No. 11-023, 2011 WL 6255152, at *4 (D.V.I. Dec. 13, 2011) ("[A] party may authenticate video footage through different types of evidence—including that the recording equipment was accurate and that the chain of custody of the material was maintained; or by testimony from a witness that the footage depicts what they observed with their own senses; or by some combination thereof." (citing *United States v. Goldin*, 311 F.3d 191, 197 (3d Cir.2002) and other cases)); *United States v. Scott*, No. 21-429, 2022 WL 865861, at *3 (S.D.N.Y. Mar. 23, 2022) (noting there is no "rigid formula for evaluating the authenticity of video tapes, [and] the requisite indicia of authenticity can be created by presenting witnesses who recall the events depicted, testimony as to the chain of custody, testimony of the person recording the events, or any other evidence tending to show the accuracy of the depictions." (citing Fed. R. Evid. 901(b); *United States v. Whittingham*, 346 F. App'x 683, 685 (2d Cir. 2009))).

6. Government Exhibit 200A—Stills from USCP compilation video, on the grounds that the government must properly authenticate these stills. *See* Def. Objection 5.

7. Government Exhibit 216-216A—YouTube video & Stills, on the grounds that the government must properly authenticate these exhibits. *See* Def. Objection 5.

8. Government Exhibit 217-217A—YouTube video & Stills, on the grounds that the government must properly authenticate these exhibits. *See* Def. Objection 5.

9. Government Exhibits 218-218A—hRVW9zpRAAxO_cvt.mp4 & Stills, on the grounds that that the government must properly authenticate these exhibits. *See* Def. Objection 5.

10. Government Exhibits 219-219A—LQKqUqbhU50v_cvt.mp4 & Stills, on the grounds that the government must properly authenticate these exhibits. *See* Def. Objection 5.

11. Government Exhibits 220-220A—U0x7kbofMuDi_cvt.mp4 & Stills, on the grounds that the government must properly authenticate these exhibits. *See* Def. Objection 5.

12. Government Exhibits 221-221A—4T27m6Ij4YA9_cvt.mp4 & Stills, on the grounds that the government must properly authenticate these exhibits. *See* Def. Objection 5.

13. Government Exhibit 222—Town of Lebanon BOS Meeting, 01/07/2021, YouTube, on the grounds that the government must properly authenticate this exhibit. *See* Def. Objection 5.

14. Government Exhibit 223—Collection of Open Source Photos, on the grounds that that the government must properly authenticate these photographs. *See* Def. Objection 5.

15. Government Exhibit 312—Text message from Justine Fitzsimons, on the grounds that the text message is not relevant, and even if relevant, is unduly prejudicial. *See* Fed. R. Crim. P. 401-03. In addition, the text message in inadmissible hearsay.

16. Government Exhibit 403—Safeway Early Closure Notice for Washington, D.C. stores, 1/6/2021, on the grounds that the government must properly authenticate this exhibit. *See* Fed. R. Evid. 901(a). However, defense counsel believes the parties' Stipulation #4 regarding Safeway Stores obviates the need for this exhibit.

17. Government Exhibit 405—Safeway Warehouse Shipments Lancaster, PA to Washington, D.C. stores 1/3/2021-1/9/21, on the grounds that the government must properly authenticate this exhibit. *See* Fed. R. Evid. 901(a). However, defense counsel believes the parties' Stipulation #4 regarding Safeway Stores obviates the need for this exhibit.

18. Government Exhibit 503—Video Montage- including Congressional Record and video footage from House and Senate, on the grounds that the government must properly authenticate this exhibit. *See* Def. Objection 5.

19. Government Exhibit 503A—Source References for Video Montage, on the grounds that the government must properly authenticate this exhibit. *See* Fed. R. Evid. 901(a).

20. Government Exhibit 504—Screenshots from House Chamber Video, on the grounds of relevancy. *See* Fed. R. Crim. Evid. 401-02. Images of the House Chamber have no probative value in determining whether Mr. Fitzsimons is guilty of the charged offenses. Additionally, the government must properly authenticate this exhibit. *See* Fed. R. Evid. 901(a).

21. Government Exhibit 602—Photo of U.S. Capitol with signs on metal barriers, on the grounds that the government must properly authenticate this exhibit. *See* Def. Objection 5.

22. Government Exhibit 603—Photo of Area Closed sign on metal barrier, on the grounds that the government must properly authenticate this exhibit. *See* Def. Objection 5.

23. Government Exhibit 604—Photo of Area Closed sign, on the grounds that the government must properly authenticate this exhibit. *See* Def. Objection 5.

24. Government Exhibit 608—Sgt. Gonell Medical Records, to the extent that the medical records describe alleged injuries that occurred at a time separate and distinct from Sgt. Gonell's interaction with Mr. Fitzsimons on January 6, 2021.

25. Government Exhibit 609—Det. Nguyen Medical Records, on the grounds that these records were not provided to defense counsel.

26. Government Exhibit 610—Voicemail to Congressman Jared Golden, on the grounds

stated in Mr. Fitzsimons' Response to the government's Motion in Limine. The Court granted the government's Motion as to this voicemail.

27. Government Exhibit 612—Facebook Message, on the grounds stated in Mr. Fitzsimons' Response to the government's Motion in Limine. The Court has deferred ruling on the Motion.

28. Government Exhibit 613-615—Jail Calls #1-3, on the grounds that the calls are not relevant, and even if relevant, they are unduly prejudicial. *See* Fed. R. Evid. 401-03. In addition, the government has provided only these three jail calls to defense counsel, who has requested that all jail calls be provided.

29. Government Exhibit 616—Rochester Voice Article, on the grounds that the article is irrelevant, and constitutes hearsay. *See United States v. Michtavi*, 155 F. App'x 433, 435 (11th Cir. 2005) ("[A] newspaper article is hearsay, and in almost all circumstances is inadmissible." (alteration in original)).

Respectfully submitted,

*/s/ Natasha Taylor-Smith*
**NATASHA TAYLOR-SMITH**
Assistant Federal Defender

## CERTIFICATE OF SERVICE

     I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the foregoing Defendant's Supplement to the Joint Pretrial Statement to be served by Electronic Case Filing ("ECF") upon Douglas Burton Brasher, Assistant United States Attorney, United States Attorney's Office, 1100 Commerce Street, Third Floor, Dallas, TX 75242, and Michael Matthew Gordon, Assistant United States Attorney, United States Attorney's Office, 400 North Tampa Street, Suite 3200, Tampa, FL 33602.

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

DATE:     May 26, 2022