**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 21-158 (RC)** |
| | : | |
| **KYLE FITZSIMONS** | : | |

### DEFENDANT'S RESPONSE TO NON-PARTY CABLE NEWS NETWORK, INC.'S MOTION TO QUASH

Defendant Kyle Fitzsimons, by and through his attorney, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, respectfully requests that this Court deny non-party Cable News Network, Inc.'s (CNN) motion to quash the July 20, 2022 subpoena for records commanding CNN to produce "[A]ny and all raw footage from an interview with Capitol Police Officer Aquilino Gonell, which aired on CNN on June 4, 2021." Defense Subpoena of CNN, attached hereto as Exhibit A. The raw footage of Sergeant Gonell's interview is necessary to impeach Sergeant Gonell's credibility concerning the events on January 6, 2021, and to allow Mr. Fitzsimons a meaningful opportunity to confront witnesses against him in accordance with the Confrontation Clause of the Sixth Amendment.

**WHEREFORE**, for all the reasons set forth above and in the accompanying Memorandum of Law, as well as any other reasons which may become apparent at a hearing or the Court deems just, Defendant Fitzsimons respectfully submits that the Court deny the motion to quash and require CNN to produce records of any and all raw footage from the interview with Sergeant Aquilino Gonell, which aired on June 4, 2021.

Respectfully submitted,

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CRIMINAL NUMBER 21-158 (RC)** |
| | : | |
| KYLE FITZSIMONS | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
RESPONSE TO NON-PARTY CABLE NEWS NETWORK, INC.'S
MOTION TO QUASH**

**I.      BACKGROUND**

Kyle Fitzsimons was arrested in Maine on February 4, 2021, after an arrest warrant was

issued in Washington, D.C., for his conduct at the Capitol on January 6, 2021. According to

security footage from the Capitol, Mr. Fitzsimons can be seen pushing and grabbing against

officers who were holding a police line in an arched entranceway on the lower west terrace of the

Capitol Building. The government alleges that Sergeant Gonell is one of the officers holding the

police line. As a result of this conduct, Mr. Fitzsimons is accused in an eleven-count Second

Superseding Indictment with 18 U.S.C. § 231(a)(3) (civil disorder) (Counts One); 18 U.S.C. §§

1512(c)(2), 2 (obstruction of an official proceeding) (Count Two); 18 U.S.C. § 111(a)(1) and (b)

(assaulting, resisting, or impeding certain officers using a dangerous or deadly weapon) (Count

Three); 18 U.S.C. § 111(a)(1) and (b) (assaulting, resisting, or impeding certain officers and

inflicting bodily injury) (Counts Four and Five); 18 U.S.C. § 111(a)(1) (assaulting, resisting, or

impeding certain officers) (Count Six); 18 U.S.C. §§ 1752(a)(1), (2) and (4) (entering and

remaining in a restricted building or grounds, disorderly and disruptive conduct in a restricted

building or grounds, and engaging in physical violence in a restricted building or grounds)

(Counts Seven, Eight, and Nine); and 40 U.S.C. §§ 5104(e)(2)(D) and (F) (disorderly and

disruptive conduct and act of physical violence in the capitol grounds of buildings) (Counts Ten and Eleven). *See* ECF No. 69.

Count Five of the Second Superseding Indictment alleges that Mr. Fitzsimons did forcibly assault, resist, oppose, impede, intimidate, interfere and inflict bodily injury on an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, Sergeant A.G., an officer from the United States Capitol Police. To prove Count Five,  Mr. Fitzsimons anticipates that the government will call Sergeant Aquilino Gonell, who will testify that he sustained injuries due to Mr. Fitzsimons's conduct on January 6.

In anticipation of Sergeant Gonell's testimony, on July 26, 2022, Gisela Garcia, Investigator, Federal Community Defender Office for the Eastern District of Pennsylvania, served a subpoena for records upon CNN that directed CNN to produce "[A]ny and all raw footage from an interview with Capitol Police Officer Aquilino Gonell, which aired on CNN on June 4, 2021." Exhibit A. CNN has filed a motion to quash the subpoena. Mr. Fitzsimons now seeks a Court Order denying CNN's motion to quash and requiring CNN to produce any and all raw footage of Sergeant Gonell's June 4, 2021 interview with CNN.

## II.   DISCUSSION

### a.   The subpoena is enforceable under Federal Rule of Criminal Procedure 17(c)

Rule 17(c) of the Federal Rules of Criminal Procedure provides in relevant part:

(1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c)

Rule 17(c) was adopted as part of the Federal Rules of Criminal Procedure in 1944. The Advisory Committee Note states that "[t]his rule is substantially the same as rule 45(b) of the Federal Rules of Civil Procedure," which permits parties in a civil action to obtain discovery from non-parties by way of a subpoena. This brief overview may indicate that the rule drafters initially thought Rule 17(c) would govern discovery from non-parties, while Rule 16 would govern discovery from the Government.

Rule 17(c) permits the parties to a criminal case to subpoena witnesses and documents, *see generally* Fed. R. Crim. P. 17(c), but pretrial production may only be required at the direction of the Court. *see Id*. The purpose of such pretrial production is "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698–99 (1974).

To warrant pretrial production, the requesting party "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id*. at 700. While Rule 17(c) is not to be used for "general 'fishing expedition[s],'" the Supreme Court has found its requirements met where "there was a sufficient likelihood that [subpoenaed tape recordings] contain[ ] conversations relevant to the offenses charged in [an] indictment" that would be admissible as evidence at trial. *Id*. at 700; *United States v. Apodaca*, 251 F. Supp. 3d 1, 9–10 (D.D.C. 2017).

> **1. Raw footage of Sergeant Gonell's interview is relevant because the interview may be used to impeach Sergeant Gonell's credibility.**

"Evidence is relevant if: (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. "Relevant evidence is admissible" unless the rules of evidence provide otherwise, and "irrelevant evidence is not admissible." Fed.R.Evid. 402.

[E]vidence going to a witness' capacity for truthfulness or bias is always relevant. *See Davis v Alaska*, 415 U.S. 308, 316-317 (1974) ("The partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony . . . . [T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.").

Here, Mr. Fitzsimons plans to impeach Sergeant Gonell's testimony by showing that Sergeant Gonell has retold the events of January 6 differently on different occasions. Because Sergeant Gonell has retold the events differently on different occasions, he cannot possibly remember the precise details about which he will testify. The credibility of a witness is always relevant.

### 2. Raw footage of Sergeant Gonell's interview is admissible to impeach Sergeant Gonell's credibility and to vindicate Mr. Fitzsimons's rights under the Confrontation Clause.

If the documents are deemed relevant, the Court must then determine whether they would be admissible. *See Nixon*, 418 U.S. at 701. Documents sought pursuant to a Rule 17(c) subpoena can be deemed admissible for a variety of purposes, including impeachment. *Id.*; *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006); *United States v. LaRouche Campaign*, 841 F.2d 1176, 1180 (1st Cir.1988) (concluding that it was proper to disclose impeachment evidence before trial pursuant to a Rule 17(c) subpoena because the "putative key witness, whose general testimony is already known, is scheduled to testify").

In addition to being admissible to impeach Sergeant Gonell's credibility, the defense's desired cross-examination evidence must be admissible to satisfy Mr. Fitzsimons's Sixth Amendment Confrontation Clause right to challenge the government's proof through cross-examination. Such cross-examination is the primary object of the Confrontation Clause, and that constitutional guarantee must be given greatest deference when the government's witnesses are

4

critical witnesses. *See Davis* 415 U.S. at 318-319 (holding that district court, despite its wide latitude to impose limits on cross-examination, abused its discretion where it prohibited defense from inquiring into biases of critical government witness); *United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness to the government's case, the more important the defendant's right, derived from the Confrontation Clause of the Sixth Amendment, to cross-examine the witness."); *McCandless v. Vaughn*, 172 F.3d 255, 266 (3d Cir. 1999) ("Confrontation Clause concerns are heightened . . . where a 'key' or 'crucial' witness' testimony is involved."). Sergeant Gonell's testimony is crucial to the government. Sergeant Gonell is allegedly one of the police officers tasked with holding the line at the entrance to the capital where Mr. Fitzsimons allegedly assaulted multiple officers. Sergeant Gonell's eyewitness testimony about Mr. Fitzsimons's actions will be essential in establishing the assaults for which Mr. Fitzsimons stands charged. It is crucial that the defense be allowed to view evidence that may cast doubt on the accuracy of Sergeant Gonell's testimony. Therefore, Mr. Fitzsimons's rights under the Confrontation Clause are paramount with respect to Sergeant Gonell.

Crucially, "it will often be difficult at the pretrial stage to determine with precision the admissibility of certain documents; therefore, if a document is arguably relevant and admissible under the Rules of Evidence, the *Nixon* 'evidentiary' requirement is likely satisfied." *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006); s*ee United States v. Orena,* 883 F.Supp. 849, 868 (E.D.N.Y.1995).

### 3.   The subpoenaed documents are sufficiently specific and narrow in scope.

The critical factor in determining the defense's purpose—whether seeking items for use at trial or going on a fishing expedition—is often the scope of the subpoena. *See United States v. Caruso*, 948 F. Supp. 382, 399 (D.N.J. 1996). Where the subpoena seeks a specific document that clearly is relevant, courts invariably conclude that the subpoena is proper. *See Id.*; *In re*

*Grand Jury Subpoena Duces Tecum Served upon PHE, Inc.*, 790 F.Supp. 1310, 1313–15 (W.D.Ky.1992). Where the subpoena seeks a broad range of documents described generically it is much more likely to be characterized as other than a good faith effort to produce evidence for use in trial. *See, e.g., United States v. Hang*, 75 F.3d 1275, 1283–84 (8th Cir.1996); *United States v. Arditti*, 955 F.2d 331, 345–46 (5th Cir.1992); *United States v. Leonard*, 817 F.Supp. 286, 295 (E.D.N.Y.1992).

Here, Mr. Fitzsimons seeks specific information—the raw footage of Sergeant Gonell's interview. This is not a broad range of documents that gives rise to the inference that Mr. Fitzsimons is on a fishing expedition. Fitzsimons intends to use this specific evidence to attack Sergeant Gonell's credibility. Nor is the request unduly burdensome on CNN, as Mr. Fitzsimons seeks well-defined and easily accessible footage.

### b.  A qualified reporter's privilege does not apply in this case

In *U.S. v. Libby*, the court held that in criminal cases, "news reporters and news organizations do not possess a First Amendment reporters' privilege." 432 F. Supp. 2d 26, 46 (D.D.C. 2006). The *Libby* court found support in the Supreme Court's holding in *Branzburg v. Hayes*, 408 U.S. 665 (1972) and the subsequent D.C. Circuit decision in *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1146 (D.C. Cir. 2006), where the Courts held that news reporters possess no First Amendment privilege in grand jury proceedings. 432 F. Supp. at 44; *Branzburg*, 408 U.S. at 702; *In re: Grand Jury Subpoena, Judith Miller*, 438 F.3d at 1148. The *Libby* court explicitly rejected CNN's argument that *United States v. Ahn*, 231 F.3d 26, 36 (D.C. Cir. 2000) requires a balancing test, finding that "no such conclusion was actually reached in *Ahn*." 432 F. Supp. 2d at 45.

The *Libby* court's reasoning was supported by two foundational concepts. First, the court reasoned that because the need for information in criminal cases is more urgent than the need in

civil cases, "it would simply be inappropriate to employ the same test to determine whether a First Amendment reporters' privilege exists." *Id*. at 46. Second, the court examined the Constitutional protections for defendants in criminal proceedings and found that "it would be absurd to conclude that a news reporter, who deserves no special treatment before a grand jury investigating a crime, may nonetheless invoke the First Amendment to stonewall a criminal defendant who has been indicted by that grand jury and seeks evidence to establish his innocence." *Id*. at 47. As compared to grand jury proceedings, a defendant's right to the production and presentation of evidence is equally rooted in the constitution. *See id*; U.S. Const. amend. V (no person shall "be deprived of life, liberty, or property"); U.S. Const. amend. VI (a defendant has the right to be "confronted with the witnesses against him [and] to have compulsory process for obtaining witnesses in his favor"). This Court should follow the *Libby* court's persuasive reasoning and find that a qualified reporter's privilege does not exist.

## III.    CONCLUSION

For all of the reasons set forth above, Mr. Fitzsimons respectfully requests that this Court deny CNN's Motion to Quash and require CNN to produce any and all raw footage from Aquilino Gonell's June 4, 2021 interview. The footage of Sergeant Gonell's interview is necessary to attack Sergeant Gonell's version of events on January 6, 2021, and to allow Mr. Fitzsimons a meaningful opportunity to confront witnesses against him in accordance with the Confrontation Clause of the Sixth Amendment.

Respectfully submitted,

*/s/ Natasha Taylor-Smith*
NATASHA TAYLOR-SMITH
Assistant Federal Defender

**<u>CERTIFICATE OF SERVICE</u>**

I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender

Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the

foregoing Defendant's Response to Non-Party Cable News Network, Inc.'s Motion to Quash to

be served by Electronic Case Filing ("ECF") upon Chad R. Bowman, Attorney for Non-Party

Cable News Network, 1909 K Street NW, 12th Floor Washington, D.C. 20006-1157, Douglas

Burton Brasher, Assistant United States Attorney, United States Attorney's Office, 1100

Commerce Street, Third Floor, Dallas, TX 75242, and Michael Matthew Gordon, Assistant

United States Attorney, United States Attorney's Office, 400 North Tampa Street, Suite 3200,

Tampa, FL 33602.


                        */s/ Natasha Taylor-Smith*
                        NATASHA TAYLOR-SMITH
                        Assistant Federal Defender


DATE:        August 10, 2022