IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**KYLE FITZSIMONS,**<br><br>Defendant. | **Case No. 21-cr-158-RC** |

### NON-PARTY CABLE NEWS NETWORK, INC.'S
### REPLY IN SUPPORT OF MOTION TO QUASH

Charles D. Tobin (D.C. Bar No. 256308)
Chad R. Bowman (D.C. Bar No. 484150)
Matthew E. Kelley (D.C. Bar No. 1018126)
BALLARD SPAHR LLP
1909 K Street NW, 12th Floor
Washington D.C. 20006-1157
Telephone: (202) 661-2200
Facsimile: (202) 661-229
bowmanchad@ballardspahr.com

*Attorneys for Non-Party Cable News Network, Inc.*

In his memorandum in support of his opposition to non-party CNN's motion to quash ("Opp."), Defendant Kyle Fitzsimons erroneously asserts that he had met the standard under Fed. R. Crim. P. 17(c) and the First Amendment to enforce his belated subpoena to CNN, seeking unaired footage of an interview broadcast last year.  Contrary to Defendant's arguments, under these facts, his Sixth Amendment rights do not outweigh CNN's well-recognized interests against the compelled disclosure of Capitol Police Sgt. Aquilino Gonell's raw interview recording.  Moreover, the law in this Circuit refutes his overarching argument that the qualified reporter's privilege asserted by CNN does not apply in criminal cases.  *Id.* at 2-7.

CNN and Fitzsimons agree that the proper framework for this Court to evaluate a Rule 17(c) subpoena is set forth in the Supreme Court's ruling in *United States v. Nixon*, 418 U.S. 683 (1974).  *See* Opp. at 3; Non-Party Cable News Network, Inc.'s Mot. to Quash and Mem. of Points and Auth. in Supp. Thereof (Dkt. 83) at 5 ("Mem.").   Under the *Nixon* framework, Fitzsimons' subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." 418 U.S. at 700.  As CNN demonstrated, Mem. at 5-8, Fitzsimons cannot clear those hurdles.

Fitzsimons first asserts that the interview footage is relevant and admissible because he "plans to impeach Sergeant Gonnell's testimony by showing that Sergeant Gonell has retold the events of January 6 differently on different occasions." Opp. at 4.  If that is so, and Sgt. Gonell has contradicted himself in his court or congressional testimony, then Fitzsimons already has impeachment material, and anything in CNN's raw interview footage would be merely cumulative.  *See United States v. Schneider*, 2003 U.S. Dist. LEXIS 27324, at *16-18 (N.D. Cal. Nov. 18, 2003) (quashing subpoena to news organization as "unreasonable" and "cumulative" where it sought potentially contradictory or illuminating statements by defendant, despite ample other interviews and statements in party's possession).

Even if there is material in the raw interview footage that might impeach Sgt. Gonell (and Fitzsimons has nothing but pure speculation to suggest there is), the footage does not become relevant and admissible evidence unless and until Sgt. Gonell testifies at trial.  *E.g.*, *United States v. Cuthbertson*, 630 F.2d 139, 144-45 (3d Cir. 1980); *United States v. Vo*, 78 F. Supp. 3d 171, 181 (D.D.C. 2015).  As the Supreme Court noted in *Nixon*, the general rule is that "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."  418 U.S. at 701.  The White House tapes at issue in *Nixon* were the proper subject of a Rule 17(c) subpoena because there were "other valid potential evidentiary issues for the same material," not solely because they possibly could have been used to challenge the credibility of witnesses.  *Id.* at 702.  That is not the case here.  In short, the subpoena should be quashed  because speculation regarding potential impeachment value is not sufficient to meet Rule 17(c)'s  requirements.  *See* Mem. at 7.

Next, Fitzsimons argues that the interview outtakes "must be admissible" to protect his rights under the Sixth Amendment's Confrontation Clause, urging that "[i]t is crucial that the defense be allowed to view evidence that may cast doubt on the accuracy of Sergeant Gonell's testimony."  Opp. at 4-5.  CNN is a third party; it does not have any *Brady* or *Giglio* obligations.  Moreover, Fitzsimons does not cite any authority for the proposition that the requirements for Rule 17(c) subpoenas are incompatible with the Sixth Amendment.  To the contrary, such a holding would conflict with the Supreme Court's opinion in *Nixon*, which set forth the Rule 17(c) requirements and in a later section discussed the Sixth Amendment only in the context of former President Nixon's claims of executive privilege.  418 U.S. at 711.

Fitzsimons then contends the subpoena meets the specificity requirement because it seeks only one thing: the raw footage of the interview with Sgt. Gonell.  Opp. at 5-6.  But the

2

requirements for relevance and specificity are not independent of each other. *See United States v. North*, 708 F. Supp. 402, 404 (1989) (denying government's subpoena for notebooks in part because it could not identify any specific entry that would satisfy relevance, materiality and necessity requirements). Fitzsimons has not identified what *specific* portions of Sergeant Gonell's interview are admissible impeachment evidence, and he cannot possibly do so. Fitzsimons has not even identified *any* statement in the portion of the interview that aired on CNN that conflicts in any way with any of Sergeant Gonell's testimony to this Court or to the House of Representatives. A subpoena seeking a recording that might possibly contain impeachment material if a witness testifies differently than something he may or may not have said in the recording is not a specific request and therefore does not meet the requirements of Rule 17(c).

Finally, Fitzsimons argues that there is no reporter's privilege in criminal cases, urging the Court to follow the reasoning of another Court in this District in *United States v. Libby*, 432 F. Supp. 2d 26, 45-46 (D.D.C. 2006) (Walton, J.). That case, of course, is not binding on this Court. The D.C. Circuit's holding in *United States v. Ahn*, 231 F.3d 26, 36 (D.C. Cir. 2000) is binding, however. CNN respectfully submits that in *Ahn* the Court of Appeals recognized that a qualified reporter's privilege does apply in criminal cases. *See id.* at 37 (agreeing with trial court that criminal defendant "failed to carry his burden" to show reporters' testimony was "essential and crucial" to his case and thus "had not demonstrated that the reporters' qualified privilege should be overcome"); *see also* Mem. at 8-11.

## **CONCLUSION**

For all of the foregoing reasons, and all of the reasons stated in the Motion to Quash and Memorandum in Support, the Motion to Quash should be granted.

Dated:  August 11, 2022                                     Respectfully submitted,

**BALLARD SPAHR LLP**

  */s/ Charles D. Tobin*
Charles D. Tobin (D.C. Bar No. 256308)
Chad R. Bowman (D.C. Bar No. 484150)
Matthew E. Kelley (D.C. Bar No. 1018126)
1909 K Street NW, 12th Floor
Washington, D.C. 20006-1157
Telephone: (202) 661-2200
Facsimile: (202) 661-229
tobinc@ballardspahr.com
bowmanchad@ballardspahr.com
kelleym@ballardspahr.com

*Attorneys for Non-Party*
*Cable News Network, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th day of August 2022, I caused true and correct copies of the foregoing to be served on all counsel of record via the Court's ECF filing system.

                                                    /s/ *Charles D. Tobin*
                                                    Charles D. Tobin