```
                  UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
 _____

 United States of America,      ) Criminal Action
                                 ) No. 1:21-cr-00158-RC-1
              Plaintiff,        )
                                 ) Pretrial Conference (via
 vs.                            ) Zoom)
                                 )
 Kyle Fitzsimons,               ) Washington, D.C.
                                 ) August 5, 2022
              Defendant.        ) Time:  11:00 a.m.
 _____

          Transcript of Pretrial Conference (via Zoom)
                           Held Before
            The Honorable Rudolph Contreras (via Zoom)
                    United States District Judge


                       A P P E A R A N C E S

 For the Government:    Douglas B. Brasher
 (via Zoom)             UNITED STATES ATTORNEY'S OFFICE
                        Northern District of Texas
                        1100 Commerce Street, Third Floor
                        Dallas, Texas 75242

                        Michael M. Gordon
                        UNITED STATES ATTORNEY'S OFFICE
                        400 North Tampa Street, Suite 3200
                        Tampa, Florida 33602

 For the Defendant:     Natasha Taylor-Smith
 (via Zoom)             FEDERAL COMMUNITY DEFENDER OFFICE
                        601 Walnut Street, Suite 545 West
                        Philadelphia, Pennsylvania 19106
 _____

 Stenographic Official Court Reporter:
 (via Zoom)             Nancy J. Meyer
                        Registered Diplomate Reporter
                        Certified Realtime Reporter
                        333 Constitution Avenue, Northwest
                        Washington, D.C. 20001
                        202-354-3118
```

<u>P R O C E E D I N G S</u>

(REPORTER'S NOTE:  This hearing was held during the COVID-19 pandemic restrictions and is subject to the limitations of technology associated with the use of technology, including but not limited to telephone and video signal interference, static, signal interruptions, and other restrictions and limitations associated with remote court reporting via telephone, speakerphone, and/or videoconferencing.)

THE COURTROOM DEPUTY:  This is Criminal Action 21-158, United States v. Kyle Fitzsimons.  For the United States, I have Douglas Brasher and Michael Gordon.  For defendant, I have Natasha Taylor-Smith.  Our court reporter today is Nancy Meyer.

All parties are present.

THE COURT:  Good morning, everybody.  We're here for the pretrial conference.  I don't have a lot on my agenda today.  So I'll ask the parties what they want or think needs to be resolved today.

But, first, let's start with the CARES Act waiver.  Ms. Taylor, I gather that your client is amenable to proceeding today by video rather than waiting until it can be safely held in person under the CARES Act?

MS. TAYLOR-SMITH:  That's correct, Your Honor; that was his request.

THE COURT:  And, Mr. Fitzsimons, I know we've done this a number of times already.  You're comfortable with the video equipment made available to you?

1  THE DEFENDANT: Yes, Your Honor, I am. Thank you.

2  THE COURT: Okay. All right. You know, there --
3  given that it's a bench trial, I think a lot of the objections
4  to the particular exhibits and the like are best dealt with at
5  the time they're introduced; in particular, the
6  authentication-type objections and the relevance-type
7  objections. I think I can deal with those easily as in the
8  context of which they're admitted or not admitted.

9  I see the stipulation of the parties; that seems pretty
10 straightforward.

11 Are there any particular objections that you think need
12 to be resolved before the trial date?

13 MR. GORDON: Your Honor --

14 MS. TAYLOR-SMITH: Not --

15 MR. GORDON: I'll let Ms. Taylor-Smith go first.

16 MS. TAYLOR-SMITH: Oh. I was going to say, not on
17 the part of the defense. I think the Court had an accurate
18 recounting or retelling them. I'll make the objections at
19 trial.

20 I did speak to counsel this morning about certain
21 objections. So I don't think there's anything that needs to be
22 done before trial in terms of objections to the exhibit lists.
23 I do want the Court to know that both myself and, I believe,
24 counsel for the government intend to amend our exhibit lists
25 somewhat, but it's with information that we've already

1           exchanged and -- and had.
2                  There are some additional matters that we'd like to
3           address with the Court, but we'll take that in turn.
4                  THE COURT:  Okay.  All right.  Let me hear from the
5           government.
6                  MR. GORDON:  Thank you, Your Honor.
7                  So it's not an objection you need to resolve before
8           trial, but I do want to flag one thing for Your Honor.  One of
9           the exhibits that the defense is objecting to the
10          authentication of is a recording of a statement that
11          Mr. Fitzsimons made to a group of town leaders or town
12          organizers in Maine -- it's about 20 minutes long -- where he
13          describes, you know, his -- he describes his conduct on
14          January 6th.  And the defense is objecting to the
15          authentication of that recording.
16                 To authenticate it, we'd bring in a witness who can
17          testify that he or she was part of that conversation and that
18          recording, you know, fairly and accurately depicts it.  And
19          that would be the entirety of that witness's testimony.  To get
20          that witness to court means that we're flying that person
21          down -- or interrupting that person's life, flying them down
22          from Maine for, you know, less than five minutes of testimony.
23          We're wondering if Your Honor would be willing to receive that
24          testimony via, you know, videoconference instead of
25          inconveniencing that person for such a small matter.

1          THE COURT:  Sure.  Ms. Taylor-Smith, do you have a
2     position on that?
3          MS. TAYLOR-SMITH:  I have not had an opportunity to
4     discuss that with my client.
5          THE COURT:  Okay.  You know, I haven't had this issue
6     come up in a criminal case since COVID, but certainly in the
7     civil trials I've had, it's become commonplace to do that sort
8     of thing.  But I will let Ms. Taylor-Smith discuss it with her
9     client before we address it.
10         So why don't the parties submit some sort of joint
11    status report on that narrow issue by Tuesday.
12         MS. TAYLOR-SMITH:  That's fine, Your Honor.
13         MR. GORDON:  Thank you, Your Honor.
14         THE COURT:  Just as far as COVID protocols, you know,
15    given that there's no jury, there's a fair amount of
16    flexibility in the courtroom.  So my intention is that everyone
17    have masks on, except people that are speaking; so the lawyers
18    that are conducting the examination and the witness that's
19    testifying.  Otherwise, everyone has to keep their mask on in
20    the courtroom.  Does anyone have any objection to that
21    protocol?
22         MS. TAYLOR-SMITH:  No, Your Honor.
23         MR. GORDON:  No.
24         THE COURT:  If the -- and then while you're filing
25    the other thing on Tuesday, if each side can also file under

1  seal the vaccination status of each of your -- counsel,
2  witnesses, and, in this case, the defendant, just so that we
3  know whether we have to do special arrangements with particular
4  individuals and where they're seated and that sort of thing.
5  But -- but that -- there's not that many witnesses here.  So I
6  don't think that will be particularly burdensome.  So file that
7  by Tuesday under seal.
8       All right.  Those are really the only things I have.  So
9  why don't -- Ms. Taylor-Smith, you said you had some issues you
10 want --
11      MS. TAYLOR-SMITH:  I do, Your Honor.  Your Honor, the
12 Court will very shortly be receiving a filing on my behalf.  I
13 have issued two subpoenas in this case.  One subpoena was to
14 the Capitol Police general counsel for the internal affairs
15 file for Sergeant Aquilino Gonell, who is one of the
16 complainants in this case.
17      The other subpoena was a subpoena to the CNN corporation
18 for an unedited version of a -- an interview that was conducted
19 with Officer Gonell as it relates to January 6th and, in
20 particular, his injuries and how those injuries were sustained.
21 I did speak to counsel from Ballard Spahr, who represents CNN.
22 They did advise me that they would be filing a motion to quash
23 that subpoena, and so the Court should expect some litigation
24 as it relates to that.  And, obviously, the -- the Capitol
25 Police as well.

1     So those two things are things that I wanted to bring to
2     the Court's attention.
3             THE COURT:  Okay.  Did the Capitol Police indicate
4     that they intended to quash?
5             MS. TAYLOR-SMITH:  They intended that they did not
6     intend to obey the subpoena.  So I will be filing a motion to
7     enforce.
8             THE COURT:  Okay.  All right.  Does the government
9     have any view on -- on particular -- to the Capitol Police
10    position?
11            MR. BRASHER:  We will -- I think we can certainly
12    circle up with them and coordinate with them, but --
13            MR. GORDON:  You know, we haven't seen the subpoena,
14    Your Honor, and we haven't discussed its request or the Capitol
15    Police's response to it with them.  This is all, kind of, news
16    to us; so we don't have any position at this time.
17            THE COURT:  So why don't the two of you talk to each
18    other about that, and, hopefully, we can -- to the extent those
19    things need to be resolved, they can be resolved in the early
20    part of next week so that we're -- we don't have last-minute
21    things on the Tuesday we start.
22            Any other things, Ms. Taylor-Smith?
23            MS. TAYLOR-SMITH:  Your Honor, not on behalf of the
24    defense, but I know that the government has filed a motion that
25    needs to be addressed.

```
 1                THE COURT:  Okay.  And that's the one involving the
 2     money?
 3                MR. GORDON:  Yes, Your Honor.
 4                THE COURT:  All right.  Well, I'll give you,
 5     Ms. Taylor-Smith, a chance to respond, if you want.  I don't
 6     know if you have a conflict given where they're intending the
 7     money to go, but that's not a high priority for me before
 8     trial, and I don't want you spending your time opposing that or
 9     responding to that before trial.  I want you preparing for
10     trial.  So we'll deal with that in due course.
11          Anything else that the government needs to discuss
12     today?
13                MR. BRASHER:  Yes, Your Honor.  We would like to --
14     and I don't know how the Court was planning it, but we would
15     like to do a brief opening statement before we call our first
16     witness, if the Court's amenable.  We think --
17                THE COURT:  I'm amenable to opening statements.
18     Yeah, opening statements and closing statements.
19          How -- now that, you know, both parties are -- are
20     deeper into their trial preparation, how many days are we
21     expecting this to go?  How long does the government think their
22     case will go?
23                MR. GORDON:  Two days, Your Honor, maybe less, but --
24                THE COURT:  Two days, is that what I heard?
25                MR. GORDON:  Yes, Your Honor.
```

1       THE COURT:  Okay.
2       MS. TAYLOR-SMITH:  And that's what I expected, Your
3  Honor; that the entire trial would be two days.
4       THE COURT:  Okay.  And I -- I sit for a full day.  So
5  we get started promptly at 10:00 and we go until 5:30.  So
6  please don't run out of witnesses.  So I would like to -- if
7  practical, to get it done in those two days, but three days is
8  not a problem either, so.
9       Anything else we need to resolve today?
10      MS. TAYLOR-SMITH:  I don't -- I don't believe so.
11      MR. BRASHER:  Your Honor, our office likes to know
12  whether or not the public line will be open during trial.
13      THE COURT:  Not only will the public line be open,
14  but the courtroom will be open.  Given that there's no jury,
15  people will be able to sit in the gallery if they socially
16  distance and wear masks.  So there will be -- you know,
17  obviously, the press has taken interest in these cases, but.
18      MR. GORDON:  Your Honor, this is a -- maybe a
19  question of ignorance.  Is the case agent allowed to sit at the
20  government's table with the government?
21      THE COURT:  Yeah.  Yeah, I allow that.
22      Any other issues?
23      MR. GORDON:  No.
24      MS. TAYLOR-SMITH:  Not for the defense.
25      THE COURT:  I look forward to hearing what the case

```
 1    is going to look like.  You know, I've obviously already
 2    watched some of the video in prior context, and think I -- I
 3    understand what the case is about, but you never know until
 4    trial date.
 5            All right.  If there's nothing else, you're excused.
 6    Thank you.
 7                 (Proceedings were concluded at 11:16 a.m.)
```

1   CERTIFICATE OF OFFICIAL COURT REPORTER

2

3          I, Nancy J. Meyer, Registered Diplomate Reporter,

4   Certified Realtime Reporter, do hereby certify that the above

5   and foregoing constitutes a true and accurate transcript of my

6   stenograph notes and is a full, true, and complete transcript

7   of the proceedings to the best of my ability.

8

9                      Dated this 11th day of August, 2022.

10

11                     /s/ Nancy J. Meyer
                       Nancy J. Meyer
12                     Official Court Reporter
                       Registered Diplomate Reporter
13                     Certified Realtime Reporter
                       333 Constitution Avenue Northwest
14                     Washington, D.C. 20001