IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 21-158 (RC) |
| | : | |
| KYLE FITZSIMONS | : | |

**DEFENDANT'S BRIEF REGARDING
THE AUTHENTICATION OF THIRD-PARTY VIDEOS**

The government intends to offer several third-party videos, and still images from those videos, into evidence through Federal Bureau of Investigations Agent Tom Ryan. The videos are taken from YouTube and other "open source" websites. Counsel for Defendant Fitzsimons objects to the introduction of these videos and still images into evidence because Agent Ryan cannot properly authenticate these videos under Federal Rule of Evidence 901. Pursuant to Rule 901, in order "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. Agent Ryan does not have any knowledge about who filmed the videos, how the videos were filmed, whether the recording instrument was functioning properly, how the videos were uploaded, or whether the videos were altered in any way. Agent Ryan was not at the scene of the recorded videos and cannot testify that the footage shows what he perceived with his own senses. Accordingly, this Court must sustain the defendant's objection to the "open source" videos and accompanying still images.

I.   DISCUSSION

Authentication is a condition precedent to admissibility. *United States v. Khatallah*, 41 F.4th 608 (D.C. Cir. 2022). To satisfy the requirement of authenticating or identifying an item of

evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Fed. R. Evid. 901. Video evidence may be properly authenticated if a witness with knowledge of the video testifies that the video is what its proponent claims it to be. *United States v. Goldin*, 311 F.3d 191, 197 (3d Cir. 2002) (finding that videotape was properly authenticated by camera operator); *see also United States v. McNair*, 439 F.Supp. 103, 105 (E.D.Pa. 1977), aff'd, 571 F.2d 573 (3d Cir. 1977) (photographs authenticated by witness to the event). Thus, a video may be authenticated for the purpose of Rule 901 if a witness to an event testifies that a video accurately depicts the event.

Courts have also held that video evidence may be authenticated by testimony regarding "the type of equipment or camera used, its general reliability, the quality of the recorded product, the process by which it was focused, or the general reliability of the entire system." *United States v. Stephens*, 202 F.Supp.2d 1361, 1368 (N.D.Ga. 2002); *see also United States v. Sivils*, 960 F.2d 587, 597 (6th Cir.1992) (finding that district court did not abuse discretion in admitting audio tapes over authenticity objections when there was testimony regarding routine checks of the recording equipment by federal agents and chain of custody of tapes once recorded); *United States v. Rembert*, 863 F.2d 1023 (D.C.Cir. 1988) (finding that series of surveillance photographs taken by a closed-circuit video camera at an automatic teller machine were properly authenticated for purposes of an armed robbery trial, where the government introduced foundational testimony from a bank employee concerning the operation of the surveillance cameras, the loading of film, and the chain of custody). "For video recordings, like tape recordings, the proponent should also show that the camera functioned properly, the operator was competent in operating the equipment, and the recording accurately represented the scene depicted." *Leo v. Long Island R. Co.*, 307 F.R.D. 314, 324 (S.D.N.Y. 2015) *Cf. United States v.*

*Eberhart*, 467 F.3d 659, 667 (7th Cir.2006). Thus, a party may authenticate video footage through different types of evidence—including that the recording equipment was accurate and that the chain of custody of the material was maintained; or by testimony from a witness that the footage depicts what they observed with their own senses; or by some combination thereof.

The Eleventh Circuit and the Fifth Circuit have adopted a flexible inquiry set forth in *United States v. Biggins*, 551 F.2d 64, 66 (5th Cir.1977) to determine whether the proponent of electronic surveillance evidence has introduced evidence of its genuineness "sufficient to support a finding" of authenticity by the jury, within the meaning of Rules 901(a) and 104(b). This flexible inquiry requires the proponent to show, in a criminal case: "(1) the competency of the operator [of the recording equipment]; (2) the fidelity of the recording equipment; (3) the absence of material deletions, additions, or alterations in the relevant part of the tape; and (4) the identification of the relevant speakers." *Biggins*, 551 F.2d at 66; *See also United States v. Sarro*, 742 F.2d 1286, 1292 (11th Cir.1984).

None of the factors set forth in *Biggins*, or any factors identified by other courts cited *supra*, are present here. Agent Ryan does not have any knowledge regarding the competency of the operator of the recording equipment, the fidelity of the recording equipment, the absence of material deletions, additions, or alterations, or the identification of relevant speakers. Agent Ryan was not the camera operator. He was not present at the event and cannot say that the video accurately depicts the event. Agent Ryan does not know the type of recording equipment used, that the camera functioned properly, or that the person recording was competent.

Courts have declined to admit video recordings in circumstances similar to those here. In *United States v. Musaibli,* the Government did not offer sufficient evidence to authenticate an exhibit purporting to be an Islamic State of Iraq and al-Sham (ISIS) propaganda video obtained

by and FBI agent from unattributed website on the internet. 577 F. Supp. 3d 609 (E.D. Mich. 2021), rev'd on other grounds, 42 F.4th 603 (6th Cir. 2022). The court held that although video included images of ISIS flag, there was no evidence where it came from, and agent acknowledged that she had no knowledge about when it was created, or by whom. *Id*.

In *Griffin v. Bell*, a public high school student was not a "witness with knowledge," and thus could not authenticate video made of his arrest, in his civil rights action alleging use of excessive force in arrest by police officer who had been working as security supervisor at school. 694 F.3d 817, 826 (7th Cir. 2012). The student could not say how video had been made or whether it had ever been altered, and many questions existed that could be answered only by person who produced the recording. *Id*. "Counsel could not say whether the video was taken with a cell phone or a camcorder, and conceded that there was no date or time stamp on the video. Nor could he verify if the video had been altered at any time. He affirmed that the video portrayed only a small part of the incident." *Id*. at 826–27. The court also refused to admit still images from the video. *Id*. at 827.

In *Vazquez v. City of Allentown*, the court did not abuse its discretion in refusing to admit into evidence video footage of an incident in which police officers allegedly used excessive force against arrestee in forcing him down the steps of building and beating him, where the proponent failed to properly authenticate video through testimony of officers to show that they were in fact the individuals depicted in the video, or through testimony of the person who created the video. 689 F. App'x 695, 700 (3d Cir. 2017). Here too, the District Court did not allow screenshots from the video. *Id*. at 700–01.

These cases, where courts found that video evidence was not properly authenticated, are most similar to the facts here. Agent Ryan has no knowledge about who created the videos, he

cannot say how the video was made or whether it was altered, and he was not present to testify about the scenes depicted in the videos.

## II.     CONCLUSION

The government's proffered evidence, videos and still images taken from YouTube and other "open source" websites are inadmissible because the government cannot properly authenticate the evidence. Pursuant to Rule 901, in order "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. For all of the reasons stated above, the government cannot produce evidence sufficient to support such a finding, and the evidence must be excluded.

## CERTIFICATE OF SERVICE

      I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the foregoing Defendant's Brief Regarding the Authentication of Third-Party Videos to be served by Electronic Case Filing ("ECF") upon Douglas Burton Brasher, Assistant United States Attorney, United States Attorney's Office, 1100 Commerce Street, Third Floor, Dallas, TX 75242, and Michael Matthew Gordon, Assistant United States Attorney, United States Attorney's Office, 400 North Tampa Street, Suite 3200, Tampa, FL 33602.

      */s/ Natasha Taylor-Smith*
      NATASHA TAYLOR-SMITH
      Assistant Federal Defender

DATE:     August 17, 2022