UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-158 (RC) |
| KYLE FITZSIMONS | |

**MEMORANDUM IN SUPPORT OF AUTHENTICATION
OF CERTAIN VIDEO AND PHOTO EVIDENCE**

The government will offer several video clips and photographs depicting the defendant on January 6, 2021, that were obtained by the FBI from publicly available sources such as YouTube, Facebook, and Flickr, and video clips from publicly available archives of YouTube and Parler.  As set forth below, the FBI case agent's testimony will satisfy the low bar required for this Court, as the gatekeeper of admissible evidence, to make an initial ruling of authenticity to admit the evidence, to then allow this Court, as the fact finder in this bench trial, to make a final determination whether the admitted evidence is authentic and how much weight to give it.

**ARGUMENT**

Under Federal Rule of Evidence 901(a), "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Rule 901(b) provides a non-exhaustive list of examples of evidence that satisfies this requirement, including comparisons to authenticated specimen, and examining the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances."  FRE 901(b)(3), (4).

Establishing an item's authenticity is not "a particularly high hurdle." *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992); *see also United States v. Vidacak*, 553 F.3d 344, 349

(4th Cir. 2009) ("The burden to authenticate under Rule 901 is not high"); *Link v. Mercedes-Benz of N. Am., Inc.*, 788 F.2d 918, 927 (3d Cir. 1986) ("The burden of proof for authentication is slight."); *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) ("The threshold for the Court's determination of authenticity is not high, … and the proponent's burden of proof for authentication is slight[.]") (citation and quotation marks omitted).

Rule 901 "requires only a prima facie showing of genuineness" for the evidence to be admissible. *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997). After clearing that low hurdle, the evidence should *first* be admitted, to *subsequently* allow the fact finder to make the ultimate decision regarding authenticity. *See United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009) ("The district court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic."); *United States v. Belfast*, 611 F.3d 783, 819 (11th Cir. 2010) ("Once that *prima facie* case is established, the evidence is admitted and the ultimate question of authenticity is decided by the jury.").

To make out a *prima facie* showing of authenticity, "circumstantial evidence of authenticity can be sufficient." *United States v. Bruner*, 657 F.2d 1278, 1284 (D.C. Cir. 1981).[1] Establishing authenticity of photographic evidence does not require testimony from a witness who was physically present and observing the scene at the time it was captured by the camera. *United States v. Rembert*, 863 F.2d 1023, 1027 (D.C. Cir. 1988). And, importantly, the party seeking to admit evidence need not "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Holmquist*,

---

[1] In deciding preliminary questions about the admissibility of these photos and videos, "[t]he court is not bound by evidence rules, except those on privilege," (FRE 104(a)), and may rely upon hearsay or otherwise inadmissible evidence in establishing the authenticity. *See, e.g., United States v. White*, 116 F.3d 903, 914 (D.C. Cir. 1997).

**Memorandum in Support of Authentication
of Certain Video and Photo Evidence—Page 2**

36 F.3d 154, 168 (1st Cir. 1994). Nor is government required to establish that the proffered evidence has not been altered in any way. *United States v. Broomfield*, 591 F. App'x 847, 852 (11th Cir. 2014) (finding sufficient evidence of authenticity even though "there was no testimony establishing that the recording equipment was reliable or that the video was not altered or staged").[2] Indeed, questions concerning possible alterations go to the weight the fact finder should give the evidence, not to its authenticity. *United States v. Safavian*, 435 F. Supp. 2d 36, 41 (D.D.C. 2006) (arguments that earlier emails included in an email chain may have been altered before being forwarded are "more appropriately directed to the weight the jury should give the evidence, not to its authenticity").

### FRE 901(b)(3) – Comparison with A Known Specimen

"Authentication by comparison is routine." *Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364, 1371 (Fed. Cir. 2021). For example, photos and videos of a scene can be authenticated by comparison with previously admitted exhibits that show the same scene from other angles. *See United States v. Hoyt*, 946 F.2d 127 (D.C. Cir. 1991) ("[W]e will assume without deciding that the photograph was sufficiently authenticated by comparison with previously admitted Government Exhibit 11, which showed the door from another angle."); *Diaz v. County of Ventura*, 512 F. Supp. 3d 1030, 1035 (C.D. Cal. 2021) ("Here, the videos can be authenticated through other evidence on the record—namely, other video and photographic evidence of the incident that Green provides."); *State v. Haight-Gyuro*, 186 P.3d 33, 38 (Ariz. Ct. App. 2008) (finding video sufficiently authenticated by comparison with separately authenticated photographs); 5 Weinstein's Federal Evidence § 901.03 ("When authentication of an item of

---

[2] The Eleventh Circuit also held that the *Biggins* factors, upon which Fitzsimons heavily relies, are inapplicable in criminal cases where the government finds a video on YouTube, holding that is the *Biggins* factors applied argued, "the prosecution could seldom, if ever, authenticate a video that it did not create." *Broomfield*, 591 F. App'x at 852.

**Memorandum in Support of Authentication
of Certain Video and Photo Evidence—Page 3**

evidence is accomplished by comparison with a specimen, the specimen itself must be proved to be authentic […] Nor does it matter what type of evidence the specimen consists of; the requirements for authenticating all types of specimens … are the same: prima facie proof that they are what their proponent claims them to be.").

In another January 6 trial in this district, the court found similar "open-source" evidence to be authentic by comparison under Rule 901(b)(3). *United States v. Rodean*, 1:21-cr-57-TNM, Dkt. 50 (D.D.C. Apr. 20, 2022). In *Rodean*, the court compared screenshots of video from a known source (USCP CCTV), which showed the Senate Wing Doors from the inside facing out, with screenshots of video footage taken by an unspecified rioter showing the Senate Wing Doors from the outside looking in. *Id.* at 2. The court noted similar objects depicted in both sets of screenshots: doors of a building flanked by windows, a crowd of rioters near the windows, and a wooden beam sticking through a shattered window. *Id.* The court found these similarities sufficient, and granted the government's pretrial motion to find the video taken by the unspecified rioter to be authentic. *Id.* at 6.

Here, the case agent will testify that he has been investigating January 6 cases since January 6, 2021, that he has reviewed hours of video footage from USCP CCTV, body worn cameras, and news media, and that he is personally familiar with the locations depicted in those videos from being physically present at the Capitol on other days. He will assist the Court in identifying similarities between admitted videos in this case and the videos to be offered by the government. For example, the case agent will testify that Government's Exhibit 204 (USCP CCTV footage from inside the "tunnel" looking out), which has been admitted, shows an orange ladder being passed up through the crowd to the mouth of the tunnel in a northeast directional angle at approximately 4:07 p.m., that it passes over the head of the defendant, who is wearing a

white jacket, and other rioters who are holding rectangular riot shields over their heads, before being passed back into the crowd away from the tunnel at 4:08 p.m.  The case agent will point out that Government's Exhibit 222, which the government purports to be a video taken of the same events from the immediate north exterior of the mouth of the tunnel, also shows an orange ladder being passed up through the crowd in a northeast directional angle to the mouth of the tunnel, that it passes over the head of the defendant, who is wearing a white jacket, and other rioters who are holding rectangular riot shields over their heads, before being passed back into the crowd away from the tunnel approximately one minute later.

These similarities, and others that can be pointed out by the case agent, will satisfy the low *prima facie* showing required for this Court to legally admit the offered photos and videos before making a final factual determination about their authenticity.  And finally, as with all admitted evidence, it will then be up to the Court, as the finder of fact, to determine how much weight to give this evidence.[3]

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court find the "open source" photo and video evidence offered by the government to be authentic and admissible.

---

[3] Alternatively, the Court may find the agent's testimony establishes the authenticity of the proffered photos and videos due to their "appearance, contents, substance, internal patterns, or other distinctive characteristics … taken together with all the circumstances."  FRE 901(b)(4).  For example, the agent can testify that a photo posted to Flickr, showing the defendant in an embroidered white jacket with blood stains that is similar in appearance to the white jacket seized from the defendant's truck, embroidered with his name, with red stains in of the same shape and size, and in the same location as the stains on the jacket in the proffered photo.  Based on the appearance of this photo, its distinctive characteristics, and all of the other circumstances, the Court can and should find the photo to be authentic and admissible.

**Memorandum in Support of Authentication**
**of Certain Video and Photo Evidence—Page 5**

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
douglas.brasher@usdoj.gov
Telephone:  214-659-8604

*/s/ Michael Gordon*
Assistant United States Attorney
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone:  813-274-6370

**Memorandum in Support of Authentication
of Certain Video and Photo Evidence—Page 6**