UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KYLE FITZSIMONS | No. 1:21-cr-158 (RC) |

**GOVERNMENT'S OPPOSITION TO**
**MOTION FOR ACQUITTAL ON COUNT ONE**

This Court should deny Fitzsimons' motion for acquittal on Count One, which charged him with violating 18 U.S.C. § 231(a)(3). The Second Superseding Indictment charged, and the government proved, that Fitzsimons' actions adversely affected a federally protected function. Accordingly, Fitzsimons' factual and legal challenges to Section 231(a)(3)'s interstate commerce prong are misplaced and not relevant.

**LEGAL STANDARD**

A defendant may move for a judgment of acquittal after the close of the evidence on the ground that the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). Although Rule 29(a) applies to motions brought "before submission to the jury," courts apply the same standard in jury trials and bench trials. *United States v. Jabr*, 1:18-cr-0105 (PLF), 2019 WL 13110682, at *4 (D.D.C. May 16, 2019) ("The same standard guides a district court in resolving a Rule 29 motion whether in the context of a bench or jury trial."). The Court must send the case to the jury (in a jury trial) or undertake its role as factfinder (in a bench trial) if, after considering the evidence in the light most favorable to the government, it finds that any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See United States v. Wahl*, 290 F.3d 370, 375 (D.C. Cir. 2002); *Jabr*, 2019 WL 13110682, at *4 ("To resolve Ms. Jabr's Rule 29 motion, the Court must consider the evidence in the light most favorable to the

government—bench trial notwithstanding."). "[A] judgment of acquittal is appropriate only when there is no evidence upon which a reasonable [fact finder] might fairly conclude guilt beyond a reasonable doubt." *United States v. Weisz*, 718 F.2d 413, 438 (D.C. Cir. 1983).

## ARGUMENT

Count One of the Second Superseding Indictment charged the defendant with violating 18 U.S.C. § 231(a)(3), the Civil Disorders statute. Section 231(a)(3) contains two jurisdictional hooks: adverse effect on interstate commerce *or* a federally protected function. *United States v. Mostofsky*, No. CR 21-138 (JEB), 2021 WL 6049891, at *3 (D.D.C. Dec. 21, 2021) (noting government can obtain conviction under either the "commerce" prong or the "federally protected function" prong of § 231(a)(3)). Here, Fitzsimons was indicted solely under the "federally protected function" prong:

> On or about January 6, 2021, within the District of Columbia, **KYLE FITZSIMONS** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is an officer from the United States Capitol Police or District of Columbia Metropolitan Police Department, lawfully engaged in the in the lawful performance of his/her duties incident to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function.

(ECF 69 at 2.)

The defendant does not contest the sufficiency of the evidence under the federally protected function prong, which was covered by the parties' Stipulation #5 (Gov. Ex. 700), as well as the testimony of U.S.S.S. Special Agent Paul Wade and U.S. Capitol Police Captain Tia Summers who indicated that the presence of even one rioter in the restricted area impacted their ability to protect Vice President Mike Pence and the Capitol Grounds. *See United States v.*

*Nordean*, No. CR 21-175 (TJK), 2021 WL 6134595, at *15-16 (D.D.C. Dec. 28, 2021) (holding the United States Secret Service's protection of the Vice President on January 6 was a federally protected function).[1]

Instead, Defendant's motion focuses entirely on the uncharged "commerce" prong of Section 231(a)(3). His conclusory factual sufficiency argument is thus irrelevant, and his legal attack on Section 231(a)(3) is both misplaced and procedurally improper.[2]

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny the defendant's motion for acquittal on Count One and proceed to its role as factfinder.

> MATTHEW M. GRAVES
> UNITED STATES ATTORNEY
> D.C. Bar No. 481 052
>
> /s/ Douglas B. Brasher
> DOUGLAS B. BRASHER
> Assistant United States Attorney
> Texas State Bar No. 24077601
> 1100 Commerce Street, Third Floor
> Dallas, Texas 75242-1699
> douglas.brasher@usdoj.gov
> Telephone:  214-659-8604
>
> /s/ Michael Gordon
> Assistant United States Attorney
> 400 N. Tampa St., Suite 3200
> Tampa, Florida 33602
> michael.gordon3@usdoj.gov
> Telephone:  813-274-6370

---

[1] *See also United States v. Phomma*, 561 F. Supp. 3d 1059, 1067 (D. Or. 2021) (holding blocking access to ICE facility during protest in Portland, Oregon, impacted "federally protected function" for purposes of 18 U.S.C. § 231(a)).

[2] Rule 29 is not the proper vehicle to raise legal arguments. *United States v. Naegele*, 537 F. Supp. 2d 36, 40 (D.D.C. 2008); *United States v. Ramirez*, 324 F.3d 1225, 1227 (11th Cir. 2003). An objection or defense based on a perceived defect in the indictment must be made before trial. Fed. R. Crim. Pro. 12(b)(3)(B).