UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:21-cr-158 (RC) |
| KYLE FITZSIMONS | |

**GOVERNMENT'S OPPOSITION TO**
**MOTION FOR ACQUITTAL ON COUNT TWO**

This Court should deny Fitzsimons' motion for acquittal on Count Two, which charged him with violating 18 U.S.C. § 1512(c)(2). The defendant appears to concede that "[t]he government has only offered evidence that Mr. Fitzsimons obstructed the certification of the electoral college vote" (Mot. at 2), and instead raises only legal arguments about whether the certification of electoral college vote qualifies as an "official proceeding" for purposes of Section 1512(c)(2), which are improperly raised under Rule 29, and which this Court has rejected in this case.

**LEGAL STANDARD**

A defendant may move for a judgment of acquittal after the close of the evidence on the ground that the evidence is insufficient to sustain a conviction. Fed. R. Crim. P. 29(a). Although Rule 29(a) applies to motions brought "before submission to the jury," courts apply the same standard in jury trials and bench trials. *United States v. Jabr*, 1:18-cr-0105 (PLF), 2019 WL 13110682, at *4 (D.D.C. May 16, 2019) ("The same standard guides a district court in resolving a Rule 29 motion whether in the context of a bench or jury trial."). The Court must send the case to the jury (in a jury trial) or undertake its role as factfinder (in a bench trial) if, after considering the evidence in the light most favorable to the government, it finds that any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *See United States v.*

*Wahl*, 290 F.3d 370, 375 (D.C. Cir. 2002); *Jabr*, 2019 WL 13110682, at *4 ("To resolve Ms. Jabr's Rule 29 motion, the Court must consider the evidence in the light most favorable to the government—bench trial notwithstanding."). "[A] judgment of acquittal is appropriate only when there is no evidence upon which a reasonable [fact finder] might fairly conclude guilt beyond a reasonable doubt." *United States v. Weisz*, 718 F.2d 413, 438 (D.C. Cir. 1983).

## ARGUMENT

Count Two of the Second Superseding Indictment charged the defendant with Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. §§ 1512(c)(2) and 2:

> On or about January 6, 2021, within the District of Columbia and elsewhere, **KYLE FITZSIMONS** attempted to, and did, corruptly obstruct, influence, and impeded an official proceeding, that is, a proceeding before Congress, by entering and remaining on United States Capitol Grounds without authority, committing an act of civil disorder, and engaging in disorderly and disruptive conduct.

(ECF 69 at 2.)

The defendant does not contest the sufficiency of the evidence on Count Two. Indeed, he correctly concedes that, "[t]he government has only offered evidence that Mr. Fitzsimons obstructed the certification of the electoral college vote," but incorrectly asserts that this "is not a crime." (Mot. at 2.) Rather, the defendant's motion is devoted entirely to re-asserting legal challenges to Section 1512(c)(2) that this Court has already rejected in this case, such as whether certification of the electoral college vote qualifies as an "official proceeding" (Mot. at 2-5). whether "official proceedings" are limited to "tribunal-like proceedings" (Mot. at 5-25), and whether Section 1512(c)(2)'s "otherwise" clause requires the defendant's actions to be connected

to a "record, document, or other object" (Mot. at 26-29).  (ECF 77, Memorandum Opinion Denying Defendant's Motion to Dismiss Count III[1] of the Superseding Indictment.)

These legal arguments are not properly raised in a motion pursuant to Rule 29.  *United States v. Naegele*, 537 F. Supp. 2d 36, 40 (D.D.C. 2008); *United States v. Ramirez*, 324 F.3d 1225, 1227 (11th Cir. 2003).  Rule 12(b)(3)(B) requires that objections or defenses based on a perceived defect in the indictment, such as those asserted here, be made before trial.  Fed. R. Crim. Pro. 12(b)(3)(B).  In any event, this Court has already considered and rejected these arguments.  (ECF 77.)  The defendant offers no factual or legal arguments that should lead this Court to reach a different conclusion now, after the close of the evidence.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court deny the defendant's motion for acquittal on Count Two and proceed to its role as factfinder.

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481 052

*/s/ Douglas B. Brasher*
DOUGLAS B. BRASHER
Assistant United States Attorney
Texas State Bar No. 24077601
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
douglas.brasher@usdoj.gov
Telephone:  214-659-8604

*/s/ Michael Gordon*
Assistant United States Attorney
400 N. Tampa St., Suite 3200
Tampa, Florida 33602
michael.gordon3@usdoj.gov
Telephone:  813-274-6370

---

[1] The Obstruction count appeared as Count Three in the Superseding Indictment (ECF 50) and Count Two in the Second Superseding Indictment (ECF 69).

**Government's Opposition to**
**Motion for Acquittal on Count Two—Page 3**