IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **CRIMINAL NUMBER 21-158 (RC)** |
| | : | |
| | : | |
| **KYLE FITZSIMONS** | : | |

**DEFENDANT'S REPLY TO GOVERNMENT TRIAL BRIEF**

On August 17, 2022, this Honorable Court instructed parties to file briefs on the admissibility of certain third-party video recordings and still images taken from those videos. On August 17, 2022, Defendant Kyle Fitzsimons filed a brief arguing that the government could not satisfy the requirement of authenticating the evidence because the government could not produce evidence sufficient to support a finding that the item is what the government claims it is. Fed. R. Evid. 901; ECF No. 94. Shortly after Mr. Fitzsimons filed the brief, the government filed a brief responsive to the Defendant's brief. ECF No. 95. This Court granted the Defendant the opportunity to reply to the government's brief, specifically the argument that Rule 901 "requires only a prima facie showing of genuineness" for the evidence to be admissible. *United States v. Harvey*, 117 F.3d 1044, 1049 (7th Cir. 1997). After clearing that low hurdle, the evidence should first be admitted, to subsequently allow the fact finder to make the ultimate decision regarding authenticity. *See United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009). Government Brief at 2. The government appears to be arguing that authentication is not a prerequisite to admissibility. Instead, the government need only show that an item is genuine, and then the fact finder makes the determination about authenticity. This is not an accurate statement of the law in the D.C. Circuit.

As discussed in the Defendant's brief, "[a]uthentication is a condition precedent to admissibility." *United States v. Khatallah*, 41 F.4th 608 (D.C. Cir. 2022); Defendant Brief at 1. Authentication is the threshold issue that must be determined by the Court, the fact finder makes a determination about what probative value, if any, to give to the authentic evidence. *United States v. Nolan*, 818 F.2d 1015, 1017 (1st Cir.1987) (authentication a "threshold" issue; ultimate question as to whether evidence is probative properly decided on merits).

Countless cases have reinforced that an item must be authenticated *before* it is admitted into evidence. *See, e.g., United States v. Blackwell*, 694 F.2d 1325, 1329–30 (D.C. Cir. 1982) ("As a general rule, tangible evidence such as photographs must be properly identified or authenticated before being admitted into evidence at trial."); *Richardson v. Gregory*, 281 F.2d 626, 630 (D.C.Cir.1960); *Mikus v. United States*, 433 F.2d 719 (2d Cir.1970); *United States v. Hobbs*, 403 F.2d 977, 978–79 (6th Cir.1968); *United States v. Lawson*, 494 F.3d 1046, 1052 (D.C. Cir. 2007).

The government cites United States v. Rodean, 1:21-cr-57-TNM, Dkt. 50 (D.D.C. Apr. 20, 2022) in support of its argument that the open-source videos can be authenticated by comparison. Government Brief at 4. However, crucial differences exist. Agent Ryan testified that he was familiar with the Capitol, but not that he was familiar with the setup of the capitol on January 6, 2021. As was discussed during trial, there were many modifications to the Capitol grounds and Agent Ryan never testified that he was familiar with the grounds on that day. While he may have been familiar with particular locations from being at the Capitol on other days, the Capitol looked much different on January 6, 2021.

The government also notes similarities between Exhibit 222, which purports to show a ladder being passed up through the crowd in a northeast directional angle to the mouth of the

tunnel and over the head of the defendant. The government claims that this video is authenticated in comparison to exhibit 204, which is CCTV footage of the entrance to the tunnel. However, Agent Ryan never testified that he could see Mr. Fitzsimons in the video where the ladder passes over.

      For all of the reasons discussed in the Defendant's Brief Regarding the Authentication of Third-party Videos, incorporated herein by reference, the government was unable to properly authenticate the videos. Because authentication is a condition precedent to admissibility, the videos must not be admitted into evidence.

                                                                     Respectfully submitted,

                                                            */s/ Natasha Taylor-Smith*
                                                            NATASHA TAYLOR-SMITH
                                                            Assistant Federal Defender

## **CERTIFICATE OF SERVICE**

I, Natasha Taylor-Smith, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I caused a copy of the foregoing Defendant's Reply to the government's Memorandum in Support of Authentication of Certain Video and Photo Evidence to be served by Electronic Case Filing ("ECF") upon Douglas Burton Brasher, Assistant United States Attorney, United States Attorney's Office, 1100 Commerce Street, Third Floor, Dallas, TX 75242, and Michael Matthew Gordon, Assistant United States Attorney, United States Attorney's Office, 400 North Tampa Street, Suite 3200, Tampa, FL 33602.

                                                */s/ Natasha Taylor-Smith*
                                                NATASHA TAYLOR-SMITH
                                                Assistant Federal Defender

DATE:       August 26, 2022