UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | No. 1:21-cr-158 (RC) |
|---|---|
| v. | |
| KYLE FITZSIMONS | |

### EXHIBIT 2: GOVERNMENT'S COUNT-BY-COUNT GUIDELINES ANALYSIS

The government's sentencing guidelines analyses for each count of conviction are set forth below:

**Count One: 18 U.S.C. § 231(a)(3)—Civil Disorder**

| Base offense level | 14 | Since there is no applicable Chapter Two Guideline for this offense in the Statutory Appendix, use "the most analogous guideline." *See* USSG §2X5.1. Here, that is USSG §2A2.4, "Obstructing or Impeding Officers" which has a base offense level of 14. |
|---|---|---|
| Special offense characteristic | +7 | Fitzsimons' assault against Sergeant Gonell caused him to suffer a severe injury to his shoulder. Considering that the offense involved aggravated assault, the base offense level is 14. USSG §2A2.2(a) and USSG §2A2.2, comment (n.1). |
| Victim-related adjustment | +6 | The victim(s) in this case was law enforcement officer(s) and the offense was motivated by such status. Because USSG §3A1.2(a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), six levels are added. USSG §3A1.2(b). |
| **Total** | **27** | |

**Count Two: 18 U.S.C. § 1512(c)(2) and § 2—Obstruction of an Official Proceeding and Aiding and Abetting**

| Base offense level | 14 | USSG §2J1.2(a).  (PSR ¶ 87). |
|---|---|---|
| Special offense characteristic | +8 | The offense involved causing or threatening physical injury to a person, or property damage, in order to obstruct the administration of justice, to wit: he caused injury or threatened to cause injury to multiple law enforcement officers engaging with other individuals, therefore, 8 levels are added. USSG §2J1.2(b)(1)(B).  (PSR ¶ 88). |
| Special offense characteristic | +3 | Because the offense resulted in the substantial interference with the administration of justice, specifically, the proceeding before Congress, to wit: Congress's certification of the Electoral College vote, three levels are added.  USSG §2J1.2(b)(2).  (PSR ¶ 88). |
| Victim-related adjustment | +6 | By assaulting and causing serious bodily injury to Sgt. Gonell's shoulder during the course of, and as an essential part of, his obstructive conduct, the defendant committed Count Two "in a manner creating a substantial risk of serious bodily injury … knowing … that a person was a law enforcement officer [and] assaulted such officer during the course of the offense." See USSG § 3A1.2(c). Accordingly, 6 levels should be added. |
| **Total** | **31** | |

**Count Three: 18 U.S.C. § 111(a)(1) and (b)—Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous or Deadly Weapon**

| Base offense level | 14 | The felonious assault involved a dangerous weapon with the intent to commit serious bodily injury. Defendant Fitzsimons assaulted MPD Officer Beaver by hurling an unstrung bow transformed into a spear at the crowd of officers with the intent to cause bodily injury, and that spear-like projectile struck Officer Beaver in the head. Considering that the offense involved aggravated assault, the base offense level is 14. USSG §2A2.2(a) and USSG §2A2.2, comment (n.1).  (PSR ¶ 57). |
|---|---|---|
| Specific offense characteristic | +4 | Because a dangerous weapon was otherwise used (hurled into crowd of officers), the offense level is increased three levels.  USSG §2A2.4(b)(2)(B).  (PSR ¶ 58). |
| Specific offense characteristic | +2 | Because the defendant was convicted of 18 U.S.C § 111(b), two levels are added. USSG §2A2.2(b)(7).  (PSR ¶ 59). |
| Victim-related adjustment | +6 | The victim(s) in this case was law enforcement officer(s) and the offense was motivated by such status. Because USSG §3A1.2(a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), six levels are added. USSG §3A1.2(b). (PSR ¶ 60). |
| **Total** | **26** | |

**Count Four: 18 U.S.C. § 111(a)(1)—Assaulting, Resisting, or Impeding Certain Officers**

| Base offense level | 14 | The felonious assault of Detective Nguyen with intent to commit another felony (civil disorder). Considering that the offense involved aggravated assault, the base offense level is 14. USSG §2A2.2(a) and USSG §2A2.2, comment (n.1).  (PSR ¶ 65). |
|---|---|---|
| Victim-related adjustment | +6 | The victim(s) in this case was law enforcement officer(s) and the offense was motivated by such status. Because USSG §3A1.2(a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), six levels are added. USSG §3A1.2(b).  (PSR ¶ 67). |
| **Total** | **20** | |

**Count Five: 18 U.S.C. § 111(a)(1) and (b)—Assaulting, Resisting, or Impeding Certain Officers and Inflicting Bodily Injury**

| Base offense level | 14 | The felonious assault involved serious bodily injury. Defendant Fitzsimons' assault against Sergeant Gonell caused him to suffer a severe injury to his shoulder. Considering that the offense involved aggravated assault, the base offense level is 14. USSG §2A2.2(a) and USSG §2A2.2, comment (n.1).  (PSR ¶ 72). |
|---|---|---|
| Specific offense characteristic | +7 | Due to the extent of Sergeant Gonell's shoulder's injury, he has had to retire from the USCP due to this injury. Because Sergeant Gonell's sustained permanent injury, seven levels are added. USSG §2A2.2(b)(3)(C).  (PSR ¶ 73). |
| Specific offense characteristic | +2 | Because the defendant was convicted of 18 USC §111(b), two levels are added. USSG §2A2.2(b)(7).  (PSR ¶ 74). |
| Victim-related adjustment | +6 | The victim(s) in this case was law enforcement officer(s) and the offense was motivated by such status. Because USSG §3A1.2(a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), six levels are added. USSG §3A1.2(b).  (PSR ¶ 75). |
| **Total** | **29** | |

**Count Six: 18 U.S.C. § 111(a)(1)—Assaulting, Resisting, or Impeding Certain Officers**

| Base offense level | 14 | Following his assaults on Officer Beaver, Detective Nguyen, and Sergeant Gonell, defendant Fitzsimons flailed his arms and struck officers before eventually exiting the back into the crowd. Defendant Fitzsimons used physical contact against the officers with intent to commit another felony (civil disorder). Considering that the offense involved aggravated assault, the base offense level is 14. USSG §2A2.2(a) and USSG §2A2.2, comment (n.1).  (PSR ¶ 80). |
|---|---|---|
| Victim-related adjustment | +6 | The victim(s) in this case was law enforcement officer(s) and the offense was motivated by such status. Because USSG §3A1.2(a)(1) and (2) apply, and the applicable Chapter Two guideline is from Chapter Two, Part A (Offenses Against the Person), six levels are added. USSG §3A1.2(b).  (PSR ¶ 81). |
| **Total** | **20** | |

**Count Seven: 18 U.S.C. § 1752(a)(1)—Entering and Remaining in a Restricted Building or Grounds**

| Base offense level: | 4 | USSG §2B2.3(a) |
|---|---|---|
| Special offense characteristic | +2 | USSG §2B2.3(b)(1)(A)(vii): the trespass occurred "at any restricted building or grounds." |
| Cross Reference | | USSG §2B2.3(c)(1): "If the offense was committed with the intent to commit a felony offense, apply §2X1.1 in respect to that felony offense, if the resulting offense level is greater than that determined above." |
| Base Offense Level (adjusted) | 31 | USSG §2X1.1(a): "The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty." <br><br> Fitzsimons entered the restricted area of the Capitol complex for the purpose of obstructing the official proceeding—that is, stopping Congress from doing its work. The substantive offense is thus Count Two, and the base offense level for that offense should be applied. |
| **Total** | **31** | |

**Count Eight: 18 U.S.C. § 1752(a)(2)—Disorderly and Disruptive Conduct in a Restricted Building or Grounds**

| Base offense level | 10 | USSG §2A2.4(a) <br><br> Because this count is a misdemeanor, the §2A2.4(c) cross-reference to §2A2.2 (Aggravated Assault) does not apply. |
|---|---|---|
| Special offense characteristic | +3 | USSG §2A2.4(b)(1)—Offense involved physical contact <br><br> See explanation in Count One. Fitzsimons's assault of Sergeant Gonell involved Fitzsimons making physical contact with Sergeant Gonell. Specifically, Fitzsimons grabbed, yanked, pulled, and held on to Sergeant Gonell's shoulder strap, wrenching Sergeant Gonell's shoulder. |
| Special offense characteristic | +2 | USSG §2A2.4(b)(2)—Victim sustained bodily injury <br><br> See explanation in Count One. Fitzsimons's assault on Sergeant Gonell caused Sergeant Gonell to suffer a career-ending injury to his shoulder. |
| **Total** | **15** | |

**Count Nine: 18 U.S.C. § 1752(a)(4)—Engaging in Physical Violence in a Restricted Building or Grounds**

| Base offense level | 14 | Since there is no applicable Chapter Two Guideline for this offense in the Statutory Appendix, use "the most analogous guideline." USSG §2X5.1. Here, that is USSG §2A2.4, "Obstructing or Impeding Officers." USSG §2A2.4(a), cross-referenced to §2A2.2(a). |
| --- | --- | --- |
| | | See explanation in Counts One and Five. Fitzsimons' assault of Officer Gonell caused Officer Gonell to suffer "(B) serious bodily injury" and Fitzsimons did so with "(D) an intent to commit another felony." USSG § 2A2.2 cmt. n.1(B), (D). |
| Specific offense characteristic | +7 | USSG §2A2.2(b)(3)—Degree of bodily injury |
| | | See explanation in Count One. |
| Victim-related adjustment | +6 | USSG §3A1.2(b) and (c) – Official Victim |
| | | See explanation in Count One. |
| **Total** | **27** | |

**Counts Ten and Eleven: 40 U.S.C. § 5104(e)(2)(D) and (F)—Disorderly Conduct in a Capitol Building and Act of Physical Violence in the Capitol Grounds or Buildings**

Counts Ten and Eleven are Class B misdemeanors to which the Sentencing Guidelines do not apply.