```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

   United States of America,      ) Criminal Action
                                  ) No. 1:21-cr-00158-RC
                   Plaintiff,     )
                                  ) Status Conference (via Zoom)
   vs.                            )
                                  )
   Kyle Fitzsimons,               ) Washington, D.C.
                                  ) August 19, 2021
                   Defendant.     ) Time:  10:30 a.m.
   _____

           Transcript of Status Conference (via Zoom)
                         Held Before
         The Honorable Rudolph Contreras (via Zoom)
                  United States District Judge
   _____

                      A P P E A R A N C E S

   For the Government:      Brandon K. Regan
   (via Zoom)               UNITED STATES ATTORNEY'S OFFICE
                            FOR THE DISTRICT OF COLUMBIA
                            601 D Street, Northwest
                            Washington, D.C. 20579

   For the Defendant:       Natasha Taylor-Smith
   (via Zoom)               FEDERAL COMMUNITY DEFENDER OFFICE
                            601 Walnut Street, Suite 545 West
                            Philadelphia, Pennsylvania 19106
   _____

   Stenographic Official Court Reporter:
   (via Zoom)               Nancy J. Meyer
                            Registered Diplomate Reporter
                            Certified Realtime Reporter
                            333 Constitution Avenue, Northwest
                            Washington, D.C. 20001
                            202-354-3118

   Proceedings recorded by mechanical stenography.  Transcript
   produced by computer-aided transcription.
```

P R O C E E D I N G S

(REPORTER'S NOTE: This hearing was held during the COVID-19 pandemic restrictions and is subject to the limitations of technology associated with the use of technology, including but not limited to telephone and video signal interference, static, signal interruptions, and other restrictions and limitations associated with remote court reporting via telephone, speakerphone, and/or videoconferencing.)

THE COURTROOM DEPUTY: This is Criminal Action 21-158, United States v. Kyle Fitzsimons.

For the United States, I have Mr. Brandon Regan. For Mr. Fitzsimons, I have Natasha Taylor-Smith. Our court reporter today is Nancy Meyer.

All parties are present.

THE COURT: Good morning, everybody.

MR. REGAN: Good morning, Your Honor.

MS. TAYLOR-SMITH: Good morning.

THE COURT: Why doesn't someone fill me in as to what has happened since our last meeting.

MS. TAYLOR-SMITH: Well, I'll go.

The government did provide me with some additional discovery, but as we've discussed earlier, they don't anticipate the discovery is going to be complete before sometime in the fall.

There have been some additional discussions and -- with regards to nontrial disposition. Those discussions as of now have not been fruitful, but they are ongoing. I don't

1  anticipate at this point in time that this case is going to be
2  a nontrial.  We are still asking for a trial date.
3         I think I advised the Court the last time we were here
4  that I would be filing a motion for review of his bail bond
5  when his mother returned from her travels.  She will be back in
6  the Middle District of Florida sometime next week.  And I will
7  be filing my bond motion shortly thereafter, and the government
8  will be responding.
9         THE COURT:  Okay.  So, in your view, what is the --
10 what would you like the Court to do next?
11        MS. TAYLOR-SMITH:  I would be asking for a trial date
12 at this point.  If -- if later on down the line Mr. -- the
13 government and I and Mr. Fitzsimons can come to some sort of
14 agreement as to a nontrial, I would, of course, advise the
15 Court at that point.
16        But I think that we are at this point ready to assign a
17 trial date that is good for the Court's calendar.  I am still
18 going to, in the meantime, file that bail motion, and I'd ask
19 for a hearing.  I don't know what the Court's schedule is going
20 to be like the first or second week of September, but it would
21 be my hope that the Court could schedule it at its earliest
22 convenience after it was filed.
23        THE COURT:  Schedule a hearing on the motion or a
24 trial date?
25        MS. TAYLOR-SMITH:  Schedule a hearing on the motion,

1    yes.  But we're asking for a trial date.  But yes.
2             THE COURT:  Okay.  So as far as trial date, what did
3    you envision?
4             MS. TAYLOR-SMITH:  I believe the government said that
5    discovery would not be done until maybe sometime around
6    October.  Mr. Regan had a trial that was scheduled, I think, in
7    November.  Our calendar -- my calendar is pretty much free all
8    winter.  So whatever is the Court's pleasure.  I'll let
9    Mr. Regan speak as to his calendar.
10            THE COURT:  All right.
11            MR. REGAN:  Thank you.  Good morning, Your Honor.
12        The government -- in terms of trial dates, the -- I do
13   have a trial in October and November.  And then in terms of
14   trying to set a date that discovery will also be complete, the
15   government would be asking for at the earliest January.  At the
16   very, very earliest January.
17            THE COURT:  For a trial date?
18            MR. REGAN:  That's correct, Your Honor.
19        And in terms of that September date for Ms. Smith to
20   litigate the bond review motion, the -- the government is -- is
21   fairly available the first two weeks of September,
22   understanding that there's -- I think there's a holiday in
23   there for Labor Day.  But if the -- I imagine the Court's a
24   little busier.
25            If the Court has available dates the week of the 13th of

1    September, that's the week I am most free.  And I think that
2    would probably give the parties the most time to file the
3    motion and then respond to the motion as well.
4                THE COURT:  All right.  So, Ms. Taylor-Smith, what --
5    when do you think the earliest you can file your bond motion
6    would be?
7                MS. TAYLOR-SMITH:  Your Honor, I would say Thursday
8    or Friday of next week.
9                THE COURT:  Okay.  Which is -- so, like, August 27th?
10               MS. TAYLOR-SMITH:  Yes.
11               THE COURT:  And, Mr. Regan, when would you respond to
12   that?
13               MR. REGAN:  I apologize, Your Honor.  I was muted.
14   Could the government have until September 9th, Your Honor?
15               THE COURT:  September 9th.
16           And then you wanted the hearing the next week; is that
17   right?
18               MS. TAYLOR-SMITH:  Yes, Your Honor.
19               MR. REGAN:  That's correct, Your Honor.
20               THE COURT:  So, Tanya, what's available then?
21               THE COURTROOM DEPUTY:  I'm looking at the calendar
22   for the jail and give me just a quick moment.
23               THE COURT:  Sure.
24               THE COURTROOM DEPUTY:  Would everyone be available on
25   the 16th, September 16th?

1           MS. TAYLOR-SMITH:  Yes.

2           THE COURTROOM DEPUTY:  At 11:00 a.m.?

3           MR. REGAN:  That works for the government as well.

4           THE COURT:  Okay.  So the defendant will file his

5    bond motion by August 27th.  The government will respond,

6    presumably, oppose, by September 9th.  And the hearing will be

7    set for September 16th at 11:00 a.m.

8           So what do the parties want to do with respect to the

9    Speedy Trial Act between now and when the motions are filed and

10   the hearing is held?

11          MS. TAYLOR-SMITH:  Your Honor, I have no objection to

12   waiving between now and when the motions are filed.

13          THE COURT:  Okay.

14          MR. REGAN:  And, Your Honor, just an admin question

15   for the bond review hearing.  Considering the Court's, sort of,

16   change in posture starting September 1st, does the Court

17   anticipate that being a live hearing or how does it want to

18   handle that?

19          THE COURT:  That's an excellent question.  I have no

20   idea.  As you know, the COVID numbers are going completely in

21   the wrong direction.  So I was hoping that the judges -- the

22   judges don't typically meet in the month of August.  I was

23   hoping that there would be some sort of meeting so we could get

24   some clarity on that, but we have not.  And I don't think the

25   judges' September meeting will be before -- well, our

```
 1    September meeting will be before the -- the hearing, I guess,
 2    which is September 16th.
 3            So you'll -- if I were to guess, I would guess that it
 4    would be a Zoom hearing, and I -- Ms. Taylor-Smith, since
 5    you're in Philly, I assume that works just as well for you
 6    anyway.
 7            MS. TAYLOR-SMITH:  It does, Your Honor.  I mean, I
 8    will make the trip down to -- if I need to.  But, yes, it works
 9    just as well for me.
10            THE COURT:  Okay.  So let's assume it's a Zoom
11    hearing unless I indicate otherwise.  But, you know, I don't --
12    I don't know what the numbers -- the COVID numbers are in
13    Philly, but here they're as high as they were in February.  So
14    I can't imagine that we're going to likely resume as normal
15    starting September -- magically September 1st.  So let's assume
16    it's a Zoom hearing.
17            And with respect to scheduling a trial date, I'm not
18    going to do it quite yet.  I don't have any -- I, fortunately,
19    was able to get through my criminal backlog over the summer.
20    So I don't have any other criminal trials scheduled.  I have
21    some civil things scheduled, but the criminal cases always take
22    precedence.  So once we have a little bit more clarity as to
23    when we can actually try this, I think my schedule is probably
24    as open as your schedules are.  So we'll schedule it for
25    whenever.
```

1      My calendar for December is wide open.  January is a
2 little bit more complicated, but February is open as well.  But
3 we'll be able to schedule something as soon as we get some more
4 clarity.  So we can talk about that some more in September.
5      So the parties have moved for a continuance pursuant to
6 the Speedy Trial Act.  The Court finds that the ends of justice
7 served by a continuance outweigh the best interests of the
8 public and the defendant in a speedy trial.  The Court finds
9 that failure to grant the requested continuance would deny
10 counsel for the defendant and the attorney for the government
11 the reasonable time necessary for effective preparation,
12 including the reasonable time for the government to continue
13 its discovery productions, for the defense to prepare and brief
14 the bond motion, and for the parties to continue to discuss the
15 possibility of resolving the case before trial.
16      Therefore, the time under the act is tolled and excluded
17 from today's date up to and including the next hearing date,
18 which is now set for September 16th at 11:00 a.m.
19      Is there anything else we need to resolve this morning?
20           MS. TAYLOR-SMITH:  Nothing from the defense.
21           MR. REGAN:  And, Your Honor, just from the
22 government, I mentioned it briefly last time.  I would
23 anticipate the government's bond review response, including
24 some exhibits, to include video.  Being that we're not going to
25 meet in the meantime, I will reach out to chambers and cc the

1  defense with the plan for the government to make those
2  available to the Court to review.  I imagine that will be
3  through USAfx because it will include video files.
4          THE COURT:  And you can always put them on a flash
5  drive and hand deliver it to the Court.  There's someone in my
6  chambers every day.
7          MR. REGAN:  Understood, Your Honor.
8          THE COURT:  All right.  Thank you.  You're excused.
9          (The proceedings concluded at 10:43 a.m.)

CERTIFICATE OF STENOGRAPHIC OFFICIAL COURT REPORTER

I, Nancy J. Meyer, Registered Diplomate Reporter, Certified Realtime Reporter, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenograph notes and is a full, true, and complete transcript of the proceedings to the best of my ability.

Dated this 7th day of September, 2023.

/s/ Nancy J. Meyer
Nancy J. Meyer
Official Court Reporter
Registered Diplomate Reporter
Certified Realtime Reporter
333 Constitution Avenue Northwest
Washington, D.C. 20001